## DYER v. BAGWELL.

1. **Public Officer:** FAILURE TO ELECT SUCCESSOR: HOLDING OVER. By the failure to elect a new member of the board of supervisors prior to the expiration of a member's term a vacancy is caused, which, under the statute, is to be filled by the qualifying anew of the member whose term expires; such member, however, is only entitled to hold the office until it can be legally filled by election, which may be at the next succeeding general election.

*Appeal from Boone District Court.*

WEDNESDAY, OCTOBER 6.

ACTION to determine the title to an office; judgment for the plaintiff, and the defendant appeals.

*Webb & Dyer*, for appellant.

*John L. Stevens, District Attorney*, and *Ramsey & Jordan*, for appellee.

SEEVERS, J.—The material facts are, that the defendant was elected a member of the board of supervisors in 1875, and entered on the discharge of the duties of said office on the first Monday in January, 1876, as provided by law. The term for which he was elected expired on the first Monday of January, 1879, unless he was entitled to hold over such term. The proper time to elect a successor was at the general election in 1878, but there was a failure to elect any one at such election. On or preceding the first Monday in January, 1879, the defendant qualified anew, and claims to hold said office for three years from the time last stated. At the general election in 1879 the relator and others were candidates for the office then held by the defendant. There were cast at said election for said candidates 3,378 votes, of which the relator received 1,859, and he claims said office from the first Monday in January, 1880.

Dyer v. Bagwell.

I. The principal questions discussed by counsel are whether there was a vacancy in said office caused by the failure to 1. PUBLIC office : failure to elect successor : holding over. elect in 1878, and if so whether the defendant by qualifying anew became entitled to hold such office for three years from the first Monday in January, 1879. The statute provides that members of the board of supervisors shall be elected for three years, Code, § 294, and hold their respective offices until their successors are elected and qualified. Code, § 784. " When it is ascertained that the incumbent (of an office) holds over another term, he shall qualify anew." *   *   *   Code, § 690.

The Constitution provides that " every person elected or appointed to any office shall before entering upon the duties thereof take an oath or affirmation to support the Constitution of the United States and of this State, and also an oath of office. In all cases of elections to fill vacancies in office occurring before the expiration of a full term, the persons so elected shall hold for the residue of the unexpired term, and all persons appointed to fill vacancies in office shall hold until the next general election, and until their successors are elected and qualified." Art. 11, § § 5 and 6.

We think it clear there was a vacancy in said office caused by the failure to elect in 1878, because the incumbent was required to qualify anew before he was entitled to hold over the term for which he was elected. If there were no vacancy it would have been unnecessary to so qualify. Having qualified as required by law, for how long did he hold? Without doubt until his successor was elected and qualified. The statute in a constitutional sense appointed the defendant to fill the vacancy, and under the Constitution the proper time to fill the vacancy was at the next general election, which was in 1880. At this election the relator received a majority of the votes cast thereat for said office, and was duly elected and entitled to the office from the time he qualified as required by law. We do not regard it as material whether the votes were canvassed or whether a certificate of election was issued

to the relator, because the answer of the defendant admits the relator received a majority of the votes cast for said office.

The term mentioned in Code, § 690, does not necessarily mean a full term, but such term is meant, we think, as is recognized by law, and it is for such term the incumbent must qualify anew. The foregoing views are in substantial accord with what is said by WOODWARD, J., in *The County of Wapello v. Bigham, Administrator*, 10 Iowa, 42.

II. The petition alleges the relator qualified as required by law, and demanded said office on the first Monday of January, 1880, and that his right thereto was denied. The answer among other things denied the relator had qualified as alleged in the petition, and set up as a defense no certificate of the relator's election had ever been issued to him. The plaintiff demurred to the answer on the ground that such certificate was not essential. The demurrer was sustained as to the ground just stated, and thereupon the court on the pleadings, and without the introduction of any evidence, rendered judgment ousting defendant from said office, and declaring the relator entitled thereto. This ruling, we think, was erroneous. Leaving out of view the apparent inconsistency between the final judgment and the ruling on the demurrer, there was an issue of fact to be determined before the relator could be adjudged entitled to said office, and that was whether he had qualified as required by law. This having been averred in the petition and denied in the answer, should have been established by evidence. It is proper to remark that it is not entirely free from doubt whether the allegation in the petition that the relator had demanded said office is not controverted in the answer.

REVERSED.