THE STATE OF IOWA on the relation of L. HEFFELFINGER, Appellee, v. C. M. BROWN, Appellant.

**Clerk of courts:** VACANCY: AUTHORITY TO APPOINT: STATUTE. The court has neither exclusive nor concurrent authority with the board of supervisors to fill a vacancy in the office of clerk of the district court by appointment; its power is confined to the appointment of a person to act as clerk until the vacancy is filled by the board of supervisors, to whom the statute gives exclusive power in this respect; and notwithstanding an appointment by the court the office remains vacant until filled by the board, and when the office is thus filled the authority of the person appointed by the court to act as clerk is revoked. And the statute as so construed does not conflict with the constitution providing that a person appointed to fill a vacancy shall hold the office until the next general election.

**Same:** APPOINTMENT BY COURT: TENURE. Since the appointment of a person to act as clerk by the court is temporary and the office still remains vacant until legally filled, the law permitting an incumbent to hold over upon failure of his successor to qualify has no application, and an appointee of the board of supervisors is entitled to the office without reference to the time at which he qualifies.

*Quo warranto:* RIGHT TO PROSECUTE: DISCRETION. The matter of allowing one to maintain *quo warranto* on his own relation is addressed to the discretion of the court, preliminary to the action; and an order granting the right is not open to dispute on the trial, or upon appeal.

*Appeal from Emmet District Court.*—HON. D. F. COYLE, Judge.

WEDNESDAY, DECEMBER 15, 1909.

ACTION in the nature of quo warranto proceedings against the defendant, who was acting as clerk of the district court for Emmet County, Iowa. The facts are stated in the opinion.—*Affirmed.*

*J. G. Myerly* and *Mack J. Groves*. for appellant.

*Crim & Morse,* for appellee.

WEAVER, J.—At the regular election in the year 1908 John Amundson, Jr., the duly qualified and acting clerk of the district court for Emmet County, Iowa, was re-elected for the ensuing term of two years commencing January 1, 1909. On November 18, 1908, Amundson died, and on November 24, 1908, Hon. A. D. Bailie, judge of the district court for that district, acting under the authority conferred by the statute (Code, section 1272), appointed C. M. Brown, defendant herein, to act as clerk until the vacancy created by the death of Amundson should be filled in the manner provided by law. On December 23, 1908, the board of supervisors of Emmet County acting or claiming to act under the provisions of the same section of the statute appointed L. Heffelfinger, the relator herein, to fill the vacancy in the old term ending with the year 1908, and also by separate resolution appointed him to fill the vacancy for the new term beginning with the year 1909. Thereafter on January 5, 1909, said board of supervisors, in regular session, again passed a resolution appointing the relator to fill the last-mentioned vacancy. Soon after the aforesaid action of the board on December 23, 1908, the relator demanded of defendant the surrender of the office, which was refused, and on January 5, 1909, this action was begun; leave therefor having been granted by the district court, the petition alleging the fact of relator's appointment and qualification, the refusal of the defendant to surrender the office, and the refusal of the county attorney to bring the action, though requested to do so. The defendant's answer denies the right of the relator to maintain the action, and denies that any request was made of the county attorney to bring the same, or that said county attorney refused to act therein. It further pleads

defendant's appointment by the district court, as conferring upon him the right to hold said office and perform the duties thereof not only for the remnant of the year 1908, but also for the term beginning with the year 1909. On the trial the facts as hereinbefore related were conceded or proved without substantial controversy. The court found for the relator that the appointment of the defendant by the district court was, and under the statute could be, temporary only, and that his power to act as clerk ceased when the board of supervisors exercised its power of appointment and such appointee had qualified according to law. Judgment was entered accordingly confirming and establishing the relator's right to the office, and defendant appeals.

I.  It is evident from the foregoing statement that the issue presented for our consideration turns upon the construction of the statute. Code, section 1272, so far as it bears upon this case, reads as follows: "Vacancies . . . shall be filled . . . in county offices . . . by the board of supervisors . . . and when by death or otherwise a vacancy occurs in the office of the clerk of the district court, said court or a judge thereof may by order entered of record in the court journal appoint a suitable and proper person to act as clerk until the vacancy shall be filled in the manner provided by law." It is the theory of the appellant that the effect of this provision is to give the district court exclusive power to fill a vacancy in the clerk's office, or at least to give the district court and the board of supervisors concurrent authority to make such appointment and when the court has once acted and named a proper and suitable person for the place the board has no lawful power to supersede him by appointing another person. The trial court construed the statute as conferring authority to fill the vacancy upon the board of supervisors alone, and that the authority given to the court in such a

1. CLERK OF COURTS: vacancy: authority to appoint: statute.

case is not to "fill the vacancy," but to appoint a person to
"act as clerk" until it shall be filled according to law. And
this, in our judgment, is the correct exposition of the legis-
lative meaning as expressed in the written enactment. To
confer concurrent · powers· of appointment upon different
boards and tribunals would be a clumsy expedient and one
sure to give rise to unseemly scrambles and intrigues which
it is the policy of the law to discourage, and, as we read
it, the statute is not fairly capable of that construction.
Still less is it open to the interpretation which clothes the
court with exclusive jurisdiction to fill the vacancy. In-
deed, when carefully read it will be seen that the court is
not authorized to "fill the vacancy" at all, either tem-
porarily or otherwise. "Vacancies in county offices" are to
be "filled" by the board of supervisors. When, however, a
vacancy occurs in the office of clerk (a county office), the
court or judge "may appoint" a suitable person, not to fill
the vacancy, but to "act as clerk" until the "vacancy shall
be filled as provided by law." The propriety of this pro-
vision can be readily appreciated. Without a clerk all ju-
dicial business of the county, practically speaking, comes
to a standstill. The board of supervisors is not continually
in session, and various circumstances may arise to prevent
prompt action on its part. Court may be in session, and, if
not, the need of an authorized person in charge of the
clerk's office daily during business hours, even in vacation,
is a matter of great public importance. That this need
may be met, and the interim between the death of an in-
cumbent and the appointment and qualification of his suc-
cessor may be bridged over without detriment to public
business, the court is given power to appoint some one
who shall "act as clerk" until the vacancy shall be so filled.
The time of the appointee's service is necessarily indefinite;
the board of supervisors may not soon meet in official ses-
sion, and when they do meet may be "deadlocked" between
rival candidates; or they may postpone action from time to

time, and until they do exercise their statutory power, or until an election intervenes and the place is filled by the voice of the people lawfully expressed, the court's appointment holds good. But when the vacancy is filled in one way or the other the authority of such person to "act as clerk" is revoked.

Construed in this way the statute in no manner conflicts with the constitutional provision by which all persons appointed to fill vacancies in office shall hold until the next general election and until their successors are elected and qualified. Constitution Iowa, article 11, section 6. The distinction which counsel draw between filling the vacancy and filling the office is more ingenious than convincing. A vacancy exists in office when it has no lawful incumbent, and that vacancy is filled by the lawful appointment or election thereto of some duly qualified person, and in the case before us the vacancy in the office of the clerk of the district court was not filled until the relator received his appointment at the hands of the board of supervisors and qualified thereunder.

II. Appellant contends that, even if it be held that his appointment by the court was temporary only, it was at least good until the close of the term ending with the year 1908, and that the relator having failed to qualify in time under his appointment by the board of supervisors he (appellant) is entitled to hold over for the ensuing term. But when we determine that the appointment by the court is an appointment simply to "act as clerk" temporarily until the vacancy is filled, and that the office remains vacant notwithstanding such appointment, until it is filled according to law by the board of supervisors or by an election, there is no place for an application of the law which permits an incumbent to hold over upon failure of his successor to qualify for the position. While performing the duties of the office, appellant was not an incumbent thereof, and such being the

2. SAME: appointment by court: tenure.

case there is neither statute nor precedent extending his tenure of the position beyond the time when the "vacancy is filled according to law." We are aware of no statute making it necessary that the board of supervisors shall fill the vacancy within any specified length of time, or requiring that its appointee shall qualify on or before any specific date. It is therefore immaterial to the case before us whether relator qualified prior to January 5, 1909, nor is it material as against the appellant that he did not qualify or requalify as an alleged holdover prior to the date mentioned. As we have already seen, appellant did not, and could not, acquire any right as an alleged holdover simply because the regular term of the office expired with the year 1908, and no other person had qualified for the new term. He was appointed to act as clerk only until such time as the vacancy should be lawfully filled, and when it was filled, whether during the year 1908 or the year 1909, it was his duty to turn over the office to the appointee.

III. The only other question suggested to which we need give attention is upon the right of Heffelfinger to maintain this action upon his own relation. An issue is

3. *Quo warranto*: right to prosecute: discretion.

sought to be raised upon the plaintiff's showing to the court or judge by which an order was obtained permitting him to institute the action. It is sufficient to say in this respect that the showing was ample to justify the grant of leave. Moreover, it is a matter addressed to the discretion of the court or judge preliminary to the action, and is not open to dispute either upon the trial or upon appeal. *West v. City of Des Moines,* 96 Iowa, 521; *State v. Alexander,* 129 Iowa, 538; *State v. Brown,* 5 R. I. 1; High on Extr. Legal Rem., section 606.

It follows from the foregoing discussion that the judgment of the trial court must be, and it is, *affirmed.*