HERBERT L. GRINDLE, Petitioner for Mandamus,

*vs.*

JOHN E. BUNKER, Secretary of State.

Kennebec.   Opinion June 7, 1916.

*Election of officers.   Interpretation of statutes relative to terms of office.*
*Terms of office.   Vacancy in office, either actual or constructive.*

P. was duly elected register of deeds for Knox county at the general election held on the second Monday of September, 1910. He qualified and assumed office on January 1, 1911. At the general election held on the second Tuesday of September, 1914, H. was elected register and received his certificate, but died on December 25, 1914, without having qualified. Had he lived he would have entered upon his duties on January 1, 1915. P. is still continuing in the office.

In a petition for mandamus brought by one who has filed the requisite nomination papers, asking that the Secretary of State be compelled to place his name upon the official primary ballot,

*Held:*

1. That under R. S. ch. 11, sec. 2, P. was elected for a term of four years, and until another should be chosen and qualified, that is for a specific term of four years and a conditional term added thereto.

2. That under R. S. ch. 11, sec. 4, vacancies shall be filled by election at the next September election after they occur, and in the meantime the Governor, with the advice and consent of the Council, may fill the vacancy by appointment.

3.  That the term vacancy as used in this statute means an actual vacancy, an office without an incumbent.

4.  That the death of H. after his election, but before his qualification and before the beginning of his term of office caused no vacancy.

5.  That the office is not now vacant, because P. is the lawful incumbent thereof, is occupying the position and performing its duties under his original election.

6.  That no election can now be held to choose another who shall serve the next two years.

Petition for mandamus to compel the defendant, as Secretary of State, to place name of plaintiff as a candidate for the office of register of deeds for Knox ccounty, State of Maine, upon the official primary ballot to be voted upon at the primary election preceding the general election to be held on the second Monday of September, 1916. The plaintiff alleged that a vacancy existed in said office of register of deeds for Knox county, to which defendant, answering, denied that such vacancy existed as claimed. Case reported to Law Court by agreement. Judgment for defendant. Petition dismissed.

Case stated in opinion.

*Frank L. Dutton,* for petitioner.

*O. H. Dunbar,* Assistant Attorney General, for John E. Bunker.

*H. L. Withee,* for Clarence E. Paul.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, PHILBROOK, MADIGAN, JJ.

CORNISH, J. Clarence E. Paul was duly elected register of deeds for Knox county at the general election held on the second Monday of September, 1910. He qualified and assumed office on January 1, 1911. At the general election held on the second Monday of September, 1914, one Edwin O. Heald was elected register and received his certificate, but died on December 25, 1914, without having qualified. Had he lived, he would have entered upon his duties on January 1, 1915. Paul is still continuing in the office.

The petitioner has filed with the Secretary of State the requisite nomination papers as a candidate at the primary election to be held

on June 19, 1916, and brings this petition for mandamus to compel the secretary to place his name upon the official primary ballot. The primary election is preliminary to the general election to be held on the second Monday of September, 1916.

The statutes regulating the election of register of deeds and providing for the filling of vacancies are as follows:

"In each county and in each registry district a register of deeds shall be chosen by ballot, by persons qualified to vote for representatives, at town meetings, on the second Monday of September, eighteen hundred and eighty-two and every four years thereafter." R. S., ch. 11, sec. 1.

". . . The person thus elected and giving the bond required in the following section, approved by the county commissioners, shall hold his office for four years from the first day of the next January and until another is chosen and qualified." Sec. 2.

"Vacancies shall be filled by election in manner aforesaid at the next September election after their occurrence; and in the meantime, the Governor, with the advice and consent of the Council, may fill vacancies by appointment, and the person so appointed shall hold his office until the first day of January next after the election last mentioned." Sec. 4.

"In case of vacancy in the office of registry and of his clerk in any county or registry district, the clerk of the judicial courts of the same county, being first sworn, shall perform all duties and services required of a register of deeds during such vacancy." Sec. 8.

The petitioner contends that a vacancy has occurred and still exists which should be filled at the coming September election, the person so elected to fill the unexpired term and hold for two years from January 1, 1917. The respondent claims that no vacancy has occurred, within the contemplation of the statutes above quoted. The decisive question therefore is this, is there a vacancy? If so, the petition for mandamus should be granted, otherwise not. The answer to this question depends upon the interpretation to be given to the word "vacancy" as used in these provisions of the statute.

Under the established rules, "words and phrases shall be construed according to the common meaning of the language. Tech-

nical words and phrases, and such as have a peculiar meaning, convey such technical or peculiar meaning." R. S., ch. 1, sec. 6, par. 1. Vacancy has no technical or peculiar meaning. Webster defines the term as "a place of post unfilled; an unoccupied office or position." The Standard Dictionary expresses the same idea: "An unoccupied post, place or office, a place destitute of an incumbent." Bouvier says: "A place which is empty; the term is principally applied to cases where the office is not filled." And Anderson: "An existing office without an incumbent is vacant, whether the office is new or old."

Confusion has often arisen, we think, from a failure to note that vacancies are of two kinds, either actual or constructive; that is, those that exist in fact and are unaffected by statute, and those that do not occur except as they are created by statute. If an incumbent dies, or resigns, a vacancy in fact occurs, an actual vacancy, and this is its common meaning. But a failure to qualify within a certain time, or to accept the office, or the acceptance of another office, or other conditions, may under the express wording of the constitution or of a statute be made to create a vacancy. To illustrate: under our constitution any person holding one of certain specified offices, "Elected to and accepting a seat in the Congress of the United States shall thereby vacate said office." Art. IX, sec. 2. In some statutes the two classes are grouped. Thus, in the case of a town auditor: "When, by reason of the non-acceptance, death, removal, insanity or other incompetency, etc." Pub. Laws, 1913, ch. 92. And the same is true in the general provision as to other town officers: "when by reason of non-acceptance, death, removal, insanity or other incompetency of a person chosen to a town office, there is a vacancy or want of officers, etc." R. S., ch. 4, sec. 28. While in other acts the disinction is expressly and sharply drawn by the very language employed; as in the case of a county treasurer: "If a person so chosen declines to accept or a vacancy occurs, etc." R. S., ch. 12, sec. 4. The first is vacancy constructive, the second an actual. So too in the case of a road commissioner: "If a person elected as a road commissioner fails to qualify before the first Monday of April, the office shall be deemed vacant and shall be filled by appointment by the selectmen; and in

the event of a vacancy, caused by death or otherwise, the selectmen shall appoint some competent person to fill out the unexpired term." R. S., ch. 4, sec. 15. This was amended by Pub Law, 1913, ch. 213, so that the failure to qualify within seven days "is deemed a vacancy." Again the first is created by statute, the second exists in fact.

With this distinction in mind the true interpretation of ch. 11, sec. 4, is evident. The language is: "Vacancies shall be filled by election in manner aforesaid at the next September election after their occurrence," etc. The vacancy here referred to is an actual one, such as might be caused by death, resignation or other similar event. It means an office destitute of an incumbent, and in this sense it is used throughout this chapter. Such an important position as that of register of deeds, one so closely identified with the property rights of the people, should not be left without an incumbent, and this has been carefully provided for. Under section 8, the clerk of court shall assume immediate charge, and then under section 4, the Governor may temporarily fill the vacancy by appointment until the first day of January following the next election, and at that next election some person shall be chosen to serve the unexpired term. The right of the people to elect and of the Governor to appoint are predicated upon the same situation in a case like that at bar. There cannot be one kind of a vacancy here calling into action the power of the people to elect, and another kind calling into action the power of the Governor to appoint. They both exist or neither. It is evident that in this case no vacancy has occurred that would permit the Governor to appoint, because the office is filled by an incumbent who was elected to hold it not only for four years but "until another is chosen and qualified," and "chosen" in this connection is used in the same sense as in section 1, where it is specified that the register shall be "chosen by ballot." The successor must be chosen in the same manner, that is by ballot at an election.

The history of the statute confirms the view that vacancy means actual vacancy. Under R. S., 1821, ch. 98, sec. 5, the wording was: "Upon the death, resignation or removal" of any register the Justices of the sessions were empowered to call a new election "to

fill up the vacancy." Clearly that meant a vacancy in fact. In the revision of 1841, the words "death, resignation or removal" were omitted without any intervening amendatory acts, and the word vacancy stands alone, R. S., 1841, ch. 11, sec. 10 and 13. Evidently the revisers deemed these words unnecessary, and so they were. Without them the meaning is the same. In 1864, the provision was inserted for the temporary appointment by the Governor in case of "vacancies occurring in said office by death, resignation or otherwise." Pub. Laws, 1864, ch. 278, sec. 13. But the words "or otherwise" did not extend the scope of the term to constructive vacancies. " 'Or otherwise' in law when used as a general phrase following an enumeration of particulars are usually interpreted in a restrictive sense as referring to such matters as are kindred to the classes before mentioned. They receive an ejusdem generis construction." 6 Words and Phrases, p. 5105; 3 Words and Phrases, 2nd series, p. 830. The revision of 1871, retained the words "by death, resignation or otherwise," R. S., 1871, chap. 7, sec. 5, while the subsequent revisions of 1883 and 1903 again omit them, without intervening amendment, leaving the word "vacancies" standing alone. R. S., 1883, ch. 7, sec. 4; R. S., 1903, ch. 11, sec. 4. It is obvious that this chapter through all its revisions refers only to vacancies in fact. If so, no vacancy in fact has occurred here. Mr. Paul has neither resigned nor died nor been removed.

If, as the petitioner claims, there is a vacancy, when did it occur and what caused it? It did not occur on December 25, 1914, the date of Mr. Heald's death, because Mr. Paul had not then completed even his four years of service. He was still the rightful incumbent. Nor did it occur on January 1, 1915, the date when Mr. Heald would have assumed office had he been living, because the statutory term for which Mr. Paul was elected was not merely four years but "until another is chosen and qualified." Had the statute provided that at the expiration of four years the office would be deemed vacant, or had it specified a term of only four years, then on January 1, 1915, a vacancy would have occurred. It does neither. On the contrary it expressly states the length of the term to be for four years and until another is chosen and qualified. This grants a specific term of four years and a conditional

term added thereto. As was said by the supreme court of Pennsylvania in a recent case where the right of a county officer to hold over until his successor should be duly qualified was discussed: "In all our cases where the right to hold a county office was involved, we have recognized the constitutional right of the elected incumbent to hold over until his successor was duly qualified. . . . The additional period is, by an express provision of the constitution, as much a part of his official term as the definite number of years fixed in his commission. When he holds over, therefore, his term is extended in exact compliance with the constitution, and the period during which he holds over is a part of his constitutional tenure. It necessarily follows that no vacancy can occur in a county office so long as the elected incumbent continues to perform the duties of the office." *Com.* v. *Sheatz,* 228 Pa. St., 301, 21 A. & E. Ann. Cas., 54; and see *Com.* v. *Wise,* 216 Pa. St., 152. What was granted by the constitution in Pennsylvania is granted by statute in Maine.

This being a question of purely statutory construction authorities from other states, a large number of which have been cited by the learned counsel on either side, are not of great assistance because they are based upon the statutes or the constitution of their respective states. We have examined them carefully, and in none have we found a statute precisely like our own. It does however seem to be settled by the great weight of authority that the death of a person elected to office, before his qualification and before his term of office begins creates no vacancy. *Com.* v. *Hanley,* 9 Pa. St., 513; *Com.* v. *Sheatz,* 228 Pa. St., 301; *Kimberlin* v. *State,* 130 Ind., 120; *State* v. *Linkhauer,* 142 Ind., 94; *Lawrence* v. *Hanley,* 84 Mich., 399; *State* v. *Benedict,* 15 Minn., 198; *State* v. *Dabbs,* 182 Mo., 359; *Ballantyne* v. *Bower,* 17 Wyo., 356, 17 A. & E. Ann. Cas., with an instructive note.

The cases cited by the learned counsel for the petitioner which seem at first reading to hold a contrary doctrine, can on critical examination be distinguished on one or the other of two grounds. In some, the vacancy under consideration was not a vacancy in fact, as in the case at bar, but one created by statute. Thus in *State* v. *Hunt,* 54 N. H., 431, where a vacancy could be declared by the supreme court "when there is manifest hazard to the public inter-

est;" and in *Dixon* v. *Candill,* (Ky. Ct. of App. 1910) 136 S. W., 1043, where the statute defined the various situations which would cause a vacancy, among them, "when there has been no election to fill the office at the time appointed by law." In that case, although an election was held, the result was not ascertained and declared by reason of violent interference at the polls.

In others of these cited cases the constitution, or the statute under consideration, seems to have segregated the holding over feature from the regular term of office and treated it as a mere temporary holding to subserve public convenience, and not a part of the official term. Thus in *Dyer* v. *Bagwell,* 54 Iowa, 487, it was provided that "when it is ascertained that the incumbent holds over another term, he shall qualify anew." Had the holding over been considered a part of the original term, the renewed qualification would have been unnecessary. In *State* v. *Young,* (La. 1915) 68 So., 241, the bank examiner was appointed for a straight four years' term. A general statute however provided that all officers should continue to discharge the duties of their office until their successors had been inducted into office. The segregation here is clear. In *Kline* v. *McKelvey,* (W. Va. 1905) 49 S. E., 896; *People* v. *Supervisor,* 100 Ill., 332; *People* v. *Ward,* (Cal. 1893) 40 Pac., 538; and *State* v. *Thomas,* (Mo. 1890) 14 S. W., 108, the situation was similar. In *Maddox* v. *York,* 21 Tex. Ct. App., 622, affirmed 93 Tex., 275, the same distinction was made by the constitution. *Campbell* v. *Dotson,* (Ky. App. 1901) 63 S. W., 480, and *Olmstead* v. *Augustus,* (Ky. App. 1901) 65 S. W., 817, more nearly support the plaintiff's contention but, in so far as they do, their reasoning is not convincing to our minds.

In the end, the determination of the question before this court depends upon the construction of our own statutes. After a careful analysis and consideration we are of the opinion that under the existing law Mr. Paul is still the rightful incumbent of the office, that no vacancy therein has occurred, and therefore no election can now be held for the choosing of another to serve the next two years. If a change is desired the Legislature can effect it by amendment.

*Petition dismissed.*