S. G. DOWNING et al., Appellants, v. WILLIAM CREE, County Auditor, Appellee.

**OFFICERS:** Vacancies—Failure to Elect. A vacancy in an office does not result from the mere failure to elect a successor at the time designated by law, and, moreover, no vacancy will occur if the incumbent legally exercises his right to requalify for the ensuing term. (Sec. 1266, Code, 1897.)

*Appeal from Davis District Court.*—SENECA CORNELL, Judge.

OCTOBER 17, 1922.

REHEARING DENIED JANUARY 20, 1923.

MANDAMUS action brought by appellants, citizens and taxpayers of Davis County, for order directing appellee, auditor of Davis County, to call a special convention to elect a county superintendent of schools. A demurrer was sustained to the petition. Plaintiffs elected to stand on their petition, and appealed from the order sustaining the demurrer. Facts appear in the opinion.—*Affirmed.*

*T. P. Bence,* for appellants.

*Buell McCash,* County Attorney, for appellee.

ARTHUR, J.—I. The material facts are: H. C. Brown was elected superintendent of schools in Davis County on the first Tuesday in April, 1918, for a term of three years, begin-

ning on September 1, 1918, as provided by Chapter 107, Acts
of the Thirty-fifth General Assembly. No convention of school
officers was called by the auditor to meet on the first Tuesday
in April, 1921, and no convention then assembled to elect a
successor to H. C. Brown, as provided by Chapter 107, Acts
of the Thirty-fifth General Assembly. Thereupon, H. C. Brown
qualified as a hold-over officer. Defendant auditor was re-
quested to call a special meeting or convention to elect a county
superintendent to succeed H. C. Brown, on the theory that a
vacancy occurred in said office upon the failure to elect a county
superintendent on the first Tuesday in April, 1921, and said
defendant auditor failed to call a special convention for that
purpose. Thereupon, this action was instituted, to secure a
peremptory order of mandamus, directing the auditor to call a
special meeting or convention, to elect a county superintendent
of schools in Davis County. Plaintiffs' petition was dismissed
on its merits, the trial court holding that, Brown having re-
qualified as a hold-over officer, no vacancy existed in the office.
The question presented is whether a failure to elect a successor
to H. C. Brown on the first Tuesday in April, 1921, *ipso facto*
constituted a vacancy in the office for the term beginning Sep-
tember 1, 1921, requiring the calling of a special election.

It is the contention of appellants that, upon the failure to
hold a meeting or convention on the first Tuesday in April, 1921,
the day provided by statute for the holding of such convention,
there occurred a vacancy in the office, and it then became the
duty of the county auditor to call a special meeting, for the
purpose of filling such vacancy.

The position of appellee is that no vacancy exists in the
office; that the office is now filled by H. C. Brown, as hold-over
officer.

II. If a vacancy occurred and existed in the office, it was
the duty of the auditor to call a special convention of the school
officers, for the purpose of electing a county superintendent to
succeed H. C. Brown. If no vacancy existed, there was no
occasion and no authority to call such convention.

Section 2734-b1, Code Supplement, 1913, provides:

"The term of office of the county superintendent of schools
shall be for three years and until his successor is elected and

qualified and such term shall begin on the first secular day of September after his election. * * * Should a vacancy in such office occur, by death, removal, resignation, or otherwise, the county auditor shall at once call a special meeting for the purpose of filling such vacancy.''

By a prior-enacted statute, Section 1266, Code, 1897, the legislature defines ''vacancy,'' and when it shall be deemed to exist, as follows:

''Every civil office shall be vacant upon the happening of either of the following events:

''1. A failure to elect at the proper election, or to appoint within the time fixed by law, *unless the incumbent holds over;*

''2. A failure of the incumbent or hold-over officer to qualify within the time prescribed by law;

''3. The incumbent ceasing to be a resident * * *;

''4. The resignation or death of the incumbent;

''5. The removal of the incumbent from, or forfeiture of, his office, or the decision of a competent tribunal declaring his office vacant;

''6. The conviction of incumbent of an infamous crime, or of any public offense involving the violation of his oath of office;

''7. The acceptance by the incumbent of a commission to any military office.''

It is provided by Code Section 1265:

''Except when otherwise provided, every officer elected or appointed for a fixed term shall hold office until his successor is elected and qualified, unless he resigns, or is removed or suspended, as provided by law.''

The above quoted statutes appear to constitute all the legislative enactment in this state pertaining to the question here involved, and it seems to be too comprehensive and explicit to call for construction, and appears to provide for every circumstance which could reasonably be anticipated to create a vacancy.

We have here the situation of no election's being held on the first Tuesday of April, 1921, and consequently, no successor to Brown elected. Brown was elected for three years, and, as provided by Section 1265, Code of 1897, and also by Sec-

tion 2734-b1, Code Supplement, 1913, *"until his successor is elected and qualified."* No successor to Brown was elected on the first Tuesday of April, 1921, and hence there was no successor to qualify. Brown having qualified as a hold-over officer, no vacancy existed in the office. The above quoted statutes, Section 1265, referring to officers generally, and Section 2734-b1, with specific reference to county superintendents of schools, point out clearly the events which must occur to constitute a "vacancy," and the situation we have before us does not meet any of the provisions of such statutes. In view of the above quoted statutes, we cannot agree with appellants that the mere failure to elect *ipso facto* constitutes a vacancy; and that, when there was no convention held on the first Tuesday in April, 1921, for the election of a successor to Brown, and Brown requalified as a hold-over, a vacancy in the office existed.

Code Section 1266 provides that there is a vacancy when there is "a failure to elect at the proper election;" but the same statute further provides in the same sentence, *"unless the incumbent holds over."* It is conceded in the instant case that H. C. Brown is occupying the office as a hold-over officer. There can be no vacancy in an office as long as there is anyone lawfully in possession of the same, with authority to discharge its duties. A vacancy does not *ipso facto* result from mere failure to elect, where the incumbent, by law and in fact, holds over.

III. Appellants rely upon *Dyer v. Bagwell*, 54 Iowa 487, as supporting their theory that, upon failure to hold a convention on the first Tuesday in April, 1921, to elect a successor to the incumbent, H. C. Brown, a vacancy in the office occurred at the expiration of Brown's term, on September 1, 1921. When carefully analyzed, we think the case does not support their position. The question decided in the *Dyer* case was that the incumbent of the office, on failure to elect a successor, and on requalification, was only entitled, as a hold-over officer, to hold the office until the next general election and the qualification of his successor, chosen at that time. The only question involved was how long the hold-over officer should hold the office, and we said: "Without doubt, until his successor was elected and qualified." We further said:

"The statute, in a constitutional sense, appointed the de-

fendant [the hold-over incumbent] to fill the vacancy, and under the Constitution, the proper time to fill the vacancy was at the next general election.''

It will be observed that the ''vacancy'' mentioned was filled by operation of the statute providing for requalification of the incumbent as a hold-over officer. In other words, it was a vacancy filled by the incumbent's becoming a hold-over officer by requalification, until a successor should be elected at the next general election.

IV. Some of our cases throw light on the question here involved. *State v. Smith,* 94 Iowa 616, was an action brought to try the title to office held by the mayor and two trustees of the town of Mt. Vernon, Iowa. The facts disclosed that no valid election had been held at the proper time to elect their successors. We said:

''It will be observed that the defendants were the incumbents of their respective offices. Under Section 784 of the Code [Code of 1873, same as Section 1265 of the Code of 1897], they were entitled to hold their respective offices 'until his successor is elected and qualified.' They were, therefore, holding said offices legally.''

In *State v. Brown,* 144 Iowa 739, in discussing what constituted a vacancy, we said:

''A vacancy exists in office when it has no lawful incumbent.''

We come to the conclusion, and so hold, that in the instant case, there did not exist a vacancy in the office, authorizing the calling of a special convention to elect a successor to the hold-over incumbent, Brown. The demurrer to plaintiffs' petition was correctly sustained. The judgment of the lower court is affirmed.—*Affirmed.*

Stevens, C. J. Evans and Faville, JJ., concur.