## Malaga v. Holmes

*Russell C. Mauch*, for plaintiffs.
*Fox & Fox*, for defendant.

McCluskey, J., February 3, 1936.—This matter comes before the court on a rule to show cause why a new trial should not be granted.

On June 14, 1931, the plaintiff Ruth Malaga was injured. She was struck by an automobile driven by the defendant, Robert Logan Holmes. On August 2, 1932, the plaintiffs commenced action of trespass against the defendant. The statement of claim was filed and summons issued as of no. 84, September term, 1932. The prothonotary delivered both the writ of summons and the statement of claim to the Sheriff of Northampton County for service. On the return day for said writ the Sheriff of Northampton County returned the summons to the prothonotary marked as follows: "Writ returned unserved for non-payment of costs. So answers Charles H. Unangst, Sheriff". On January 22, 1934, the plaintiffs caused an alias summons in trespass to issue as of no. 83, February term, 1934, and on January 24, 1934, the said writ, together with the statement of claim, was served on the Secretary of Revenue of the Commonwealth of Pennsylvania and on the defendant, in accordance with the provisions of the Act of April 24, 1931, P. L. 50. On February 24, 1934, the defendant filed affidavit of defense, setting up as new matter by way of defense to the action the bar of the statute of limitations. The plaintiffs filed a reply to said new matter. On May 22, 1934, the defendant presented a petition for a rule on the plaintiffs to show cause why judgment should not be entered on the pleadings in favor of defendant, which rule, after argument, was discharged without prejudice to the defendant: See Malaga v. Holmes, 24 Northamp. 334.

On April 17, 1935, the case came on for trial. The court granted the defendant's motion for a directed verdict. The plaintiffs filed their petition for new trial, assigning the following reasons:

"1. The learned trial judge erred in directing a verdict for the defendant.

"2. The learned trial judge erred in deciding as a matter of law that the plaintiffs' claim was barred by section 2 of the Act of June 24, 1895, P. L. 236.

"3. The learned trial judge erred in deciding as a matter of law that although plaintiffs' præcipe for summons was filed in the prothonotary's office and paid for and the plaintiffs' writ of summons together with statement of claim were filed, indexed, docketed and delivered by the prothonotary to the sheriff for service, this did not constitute the commencing of an action within the meaning of the Act of June 24, 1895, P. L. 236, sec. 2, so as toll statute of limitations.

"4. The learned trial judge erred in deciding as a matter of law that, notwithstanding the original summons was issued within two years from the date of the accident and the alias summons was issued within two years of the original summons, the plaintiffs' claim was barred by the statute of limitations.

"5. The learned trial judge erred in affirming defendant's points that 'under the law and the evidence the verdict must be for the defendant' and in directing the jury to return the verdict in favor of the defendant."

On October 21, 1935, the trial judge allowed the present rule to show cause why a new trial should not be granted.

The question involved is whether the action is barred by the statute of limitations. The writ of summons issued within the time allowed to commence actions and there is no doubt that, had proper service been made of the writ, the statute of limitations would have been tolled. But the plaintiffs failed to perfect the action by depositing with the sheriff the costs incidental to service.

Under the Act of July 11, 1901, P. L. 663, sec. 2, as amended by the Act of May 23, 1923, P. L. 347, sec. 1, 16 PS §2662, the sheriff need not make service until he receives satisfactory indemnity of payment of the costs of service. If the plaintiffs had paid the proper costs, no doubt the writ would have gone through the orderly process of service and in default of service the sheriff could make a return of non est inventus or nihil habet,

in which case the issuance of the alias writ would toll the statute of limitations.

In Bovaird & Seyfang Mfg. Co. v. Ferguson, 215 Pa. 235, 237, the Supreme Court said:

"The action begins, not with the date of the præcipe, but with the issue of the summons or capias. Its commencement is not postponed to the time when service of the writ is effected. Nor is it necessary that the writ whose issuance is the beginning of the action should be served at all. But it must be returned non est inventus or nihil habet, or otherwise; if not so returned it will be considered abandoned. When returned nihil habet or non est inventus, the action may be continued by the issue of an alias, or, after an alias, by a pluries writ. But the alias writ must issue within six years of the issue of the original writ, else it will be considered, so far as the statute of limitations is concerned, as the commencement of the action".

The return made by the sheriff in the instant case, to wit: "Writ returned unserved for non-payment of costs", is not a return of nihil habet or non est inventus, nor do we deem it such a return as might be contemplated in the words "or otherwise". The words " 'or otherwise' in law when used as a general phrase following an enumeration of particulars are usually interpreted in a restricted sense as referring to such matters as are kindred to the classes before mentioned. They receive an ejusdem generis construction": Grindle v. Bunker, 115 Me. 108, 113, 98 Atl. 69; 46 C. J. 1152, note 15.

Were we to rule in this case as contended for by the plaintiffs we would defeat the very purpose for which the statute of limitations is enacted. A plaintiff could, by commencing an action, placing the writ in the sheriff's hands and without paying the costs of service continue an action for an indefinite time and harass the defendant or possibly make it very difficult for the defendant to secure or receive the benefit of whatever evidence he may have to offer in defense of the suit. It is incumbent upon

the plaintiff, when bringing an action, to take the proper precautions to see that proper service is made at the earliest possible moment.

The court is of the opinion that at the trial of the case the original action had been abandoned and a new action on the alias writ was being tried. The new action was not commenced within the period of the statute of limitations and, therefore, the trial court did not err in sustaining the defendant's point and directing a verdict in favor of the defendant. Reasons for a new trial should be dismissed.

And now, February 3, 1936, the rule for new trial is discharged.