STATE OF IOWA, ex rel. R. H. INGRAM, Appellant, v. HERBERT LARSON, Appellee.

No. 44119.

OCTOBER 19, 1937.

**510**

J. W. Kridelbaugh and Theodore B. Perry, for appellant.

D. N. Clark, Fred Everett, Charles E. Miller, D. M. Anderson, and John F. Abegglen, for appellee.

MITCHELL, J.—On the 24th day of March, 1937, A. J. Head, who was clerk of the district court of Monroe County, Iowa, filed his written resignation in the office of the county auditor, to become effective at midnight on that date. At about 9:25 on the morning of March 24, 1937, the county auditor certified the resignation to the Hon. Charles F. Wennerstrum, then presiding as judge of the district court of Monroe county, and filed therewith all the applications that had been made for the office, including those of Herbert Larson and R. H. Ingram. The judge asked the auditor if the board of supervisors was in session and was told that only one member was at Albia and the other two had gone to Des Moines. At two o'clock of that same day Judge Wennerstrum entered an order appointing Herbert Larson of Albia as clerk of the district court of Monroe County, Iowa, as successor to Alfred J. Head, "to qualify as provided by law, and fill said office from and after * * * midnight March 24, 1937, until the next regular election in Monroe County, Iowa, and until a successor for said vacancy shall be elected and qualified, all as provided by sections 1152 and 1155 of the 1935 Code of the State of Iowa."

On the morning of the 25th of March, Larson having filed a surety bond with the county auditor, it was presented to the board for approval, and by a vote of two to one the board of supervisors refused to approve the bond. At the same meeting, upon motion, which was carried by a vote of two to one, the board elected R. H. Ingram to the office of clerk. He filed a bond, which was duly approved.

On March 31, 1937, the board of supervisors having refused to approve the bond of Larson, upon his application the judge

of the district court entered an order approving his bond and specifically provided in that order "that this order of approval of said bond and all rulings and orders of this court in anywise connected therewith shall not be considered as a ruling upon or adjudication of the rights of any party to raise the question as to the title and possession to the office now held by Herbert Larson, and that the same shall not constitute an adjudication of the question as to the right of this court to make the order of appointment as previously entered."

On April 7, 1937, R. H. Ingram sought and obtained an order from the court, upon a showing that the county attorney refused to act, to commence a proceeding in quo warranto for the purpose of determining the rights of the said R. H. Ingram to the office of clerk of the district court of Monroe County, Iowa.

After a hearing, at which evidence was offered, the court entered an order denying the relief prayed for by Ingram, holding that Larson had been duly appointed and had qualified as clerk of the district court of Monroe County to fill the vacancy "until the next general election and until his successor is elected and qualified."

Ingram, being dissatisfied with the finding and ruling of the lower court, has appealed.

We are confronted here with the same fact situation that this court had before it when it rendered the opinion in the case of State v. Brown, reported in 144 Iowa 739, 123 N. W. 779. But, it is the claim of the appellee that since the opinion in that case was rendered the legislature has changed the method of filling a vacancy in the office of clerk of a district court.

In the 1897 Code the section was known as 1272, the material part of which read as follows:

"1272. Filling vacancies. Vacancies * * * shall be filled * * * in county offices * * * by the board of supervisors * * *; and when by death, or otherwise, a vacancy occurs in the office of the clerk of the district court, said court, or a judge thereof, may, by order entered of record in the court journal, appoint a suitable and proper person to act as clerk until the vacancy shall be filled in the manner provided by law; * * *."

In the 1935 Code the section is 1152, the material part of which is as follows:

"1152. Vacancies—how filled. Vacancies shall be filled by the officer or board named, and in the manner, and under the conditions, following: * * *

"4. *County offices.* In county offices, including justices of the peace and constables, by the board of supervisors. * * *

"6. *Clerk of the district court.* In the office of the clerk of the district court, by the said court or by a judge thereof, by order entered of record in the court journal which order shall be effective until the vacancy shall be filled in the manner provided by law."

The provision that a county office shall be filled by the board of supervisors appeared in both the 1897 and 1935 Codes.

Thus we find that the statute in the 1935 Code has the following changes in it: Instead of using the word "may" it uses the word "shall" and omits the words "to act as clerk". Otherwise it is identically the same.

The opinion in State v. Brown, 144 Iowa 739, 123 N. W. 779, was written by the late Justice Weaver. Speaking for this court, 144 Iowa 739, at page 742, 123 N. W. 779, 781, he said:

"When, however, a vacancy occurs in the office of clerk (a county office), the court or judge 'may appoint' a suitable person, not to fill the vacancy, but to 'act as clerk' until the 'vacancy shall be filled as provided by law.' The propriety of this provision can be readily appreciated. Without a clerk all judicial business of the county, practically speaking, comes to a standstill. The board of supervisors is not continually in session, and various circumstances may arise to prevent prompt action on its part. Court may be in session, and, if not, the need of an authorized person in charge of the clerk's office daily during business hours, even in vacation, is a matter of great public importance. That this need may be met, and the interim between the death of an incumbent and the appointment and qualification of his successor may be bridged over without detriment to public business, the court is given power to appoint someone who shall 'act as clerk' until the vacancy shall be so filled. The time of the appointee's service is necessarily indefinite; the board of supervisors may not soon meet in official session, and when they do meet may be 'deadlocked' between rival candidates; or they may postpone action from time to time, and until they do exercise their statutory power, or until an election inter-

venes and the place is filled by the voice of the people lawfully expressed, the court's appointment holds good. But when the vacancy is filled in one way or the other the authority of such person to 'act as clerk' is revoked.

"Construed in this way the statute in no manner conflicts with the constitutional provision by which all persons appointed to fill vacancies in office shall hold until the next general election and until their successors are elected and qualified. Constitution Iowa, Article XI, section 6. The distinction which counsel draw between filling the vacancy and filling the office is more ingenious than convincing. A vacancy exists in office when it has no lawful incumbent, and that vacancy is filled by the lawful appointment or election thereto of some duly qualified person, and in the case before us the vacancy in the office of the clerk of the district court was not filled until the relator received his appointment at the hands of the board of supervisors and qualified thereunder."

Every argument set forth in that opinion is as sound today as it was then. That there must be someone authorized to carry on the affairs of the clerk's office immediately upon the death or resignation of the clerk is self-evident. The board of supervisors is not in session at all times. There might be a deadlock. There might be a delay in filling the important office of clerk. This very record shows that the board of supervisors was not in session; there was not a quorum present, two members being absent.

Now, as to the changes in the statute upon which the appellee relies. Instead of the word "may" we find the word "shall" is used. That simply imposes upon the court the duty of appointing someone to the office of clerk of the district court. Certainly, it does not change the statute or in any way affect the question of how long the clerk shall serve when appointed by the judge. The words "to act as clerk" are not contained in section 1152 of the 1935 Code. However, we do not think that that is controlling, because, after all, under the old section the party appointed by the court was clerk until his successor was elected by the board of supervisors, and he had all the rights and duties of that office. Any act he performed was as binding as if he had been elected at the general election. The words, "to act as clerk", do not in any way affect the question of how long he should serve if appointed by the judge. He was clerk until his

successor was elected by the board of supervisors. And so under the present statute, section 1152, he is clerk "until the vacancy shall be filled in the manner provided by law," to wit, by the board of supervisors.

If it had been the intention of the legislature to give to the court or judge thereof the right to appoint a clerk who would hold office until the next general election, why did it add the words, "which order shall be effective until the vacancy shall be filled in the manner provided by law"? In the same section, covering the appointment of other county offices, the legislature did not add these words.

In the case of Des Moines City Ry. v. City of Des Moines, 205 Iowa 495, at page 498, 216 N. W. 284, 285, this court said:

"It is fundamental in the construction of statutes that words and phrases will, if possible, be given their ordinary and usual meaning * * *, and that such construction as will give effect to every part of the statute, except when irreconcilable because of repugnance, will be adopted. * * * It is also proper to consider legislative history in arriving at a proper interpretation of a given statute."

In Drazich v. Hollowell, 207 Iowa 427, at page 429, 223 N. W. 253, 254, we find this court said:

"* * * a statute is to be interpreted in its entirety. All acts relating to the same thing or to closely allied subjects should be given consideration."

Considering this statute as a whole and giving a meaning to all parts of it and "to all acts relating to the same thing," it must be found, in view of the fact that there were no qualifying words after the other subdivisions of section 1152, the legislature intended something by the language used after the word "journal" in subdivision 6. It must be given a meaning. Without it the appointee would hold office until the next general election, just as was provided for by the order entered by the lower court in this case. It does not grant a longer term than that provided for by the Constitution and section 1155. It does not grant the same term. It must therefore restrict and limit, and the very language, "which order shall be effective until," compels the finding that it was the intention of the legislature that the judge's appointee should not hold

until the next general election but only until the office was filled in the manner provided by statute, to wit: by the board of supervisors.

Subdivision 4 of section 1152 gives to the board of supervisors the right to fill all vacancies in county offices. No office is excepted. The office of the clerk of the district court is a county office, and the board of supervisors was therefore given the right to fill the vacancy.

Under the construction asked for by the appellee we would be saying that the legislature had taken the right from the board of supervisors to appoint someone to fill a vacancy in the office of clerk of the district court and had given it to the court or a judge of the district court. That would be, indeed, a radical change. The board of supervisors is elected by the people of the county. The judge of the district court may not be a resident of that county—he may reside many miles from the county seat. Isn't it more reasonable to expect that the legislature would rather give to the board of supervisors, the representatives of the people of that county, the right to appoint someone to fill a vacancy in the clerk's office, rather than to change the entire method and give that right to a judge, who may or may not be familiar with conditions prevailing in that county? The power to give this right is in the hands of the legislature. The law of this State has been well established for a great many years. Until the legislature by enactment changes the method, this court must of necessity follow the statute as enacted. The board of supervisors duly elected R. H. Ingram. He qualified as by law provided. And it follows that he is entitled to hold the office until the next general election.

Appellee filed a motion to dismiss, which motion is hereby overruled.

It necessarily follows that the judgment and decree of the lower court must be, and it is hereby, reversed.—Reversed.

HAMILTON, C. J., and ANDERSON, KINTZINGER, DONEGAN, RICHARDS, PARSONS, and SAGER, JJ., concur.