Rheim v. Robbins.

---

RHEIM *et al.* v. ROBBINS.

1. Aliens: INHERITANCE. Aliens who are now residents of the United States, cannot, under the laws of this State, acquire and hold lands by inheritance. *Krogan et al.* v. *Kinney et al.,* 15 Iowa, 242.

| 20 | 45 |
|----|-----|
| 86 | 510 |
| 20 | 45 |
| 122 | 348 |
| 20 | 45 |
| 144 | 488 |

Rheim v. Robbins.

*Appeal from Decatur District Court.*

SATURDAY, JANUARY 27.

THE plaintiffs, non-resident aliens of the United States, and heirs-at-law of John Nickolas Rheim, who, at his death in 1860, was also a non-resident alien of the United States, and heir-at-law of his son, John Adolphus Rheim, who died without issue, in Decatur county, of this State, seized of forty acres of land, situated in said county, of which plaintiffs now claim to be the joint owners by inheritance, have sued the defendant for a trespass on said land, in cutting and carrying away a large amount of timber and wood from said lands, claiming $300 damages therefor.

These facts appearing upon the face of the petition, the defendant demurs thereto, upon the ground that the plaintiffs, being non-resident foreigners of the country, are incapable of inheriting real estate in this State by descent; thus, having neither the title nor possession of the land, could not maintain a suit for damages against trespassers upon the same. From the order of the court sustaining this demurrer the plaintiffs appeal.

*S. Forey* for the appellants.

*Wood, Polk* and *McHenry* for the appellee.

LOWE, Ch. J. — The question raised by the demurrer has already received attention from this court, and been adjudicated in the case of *Krogan et al.* v. *Kinney et al.*, 15 Iowa, 242. It was held, in that case, that non-resident aliens of the United States could not, under the laws of this State, acquire and hold lands by inheritance. We still remain of the same opinion, although we admit the act respecting aliens, approved

1. ALIENS: inheritance.

March 15, 1858, and which is embodied . in §§ 2488 to 2493 inclusive, of the Revision, is inexplicit and ambiguous, and that our opinion thereon is founded upon a construction of the same. It is insisted by some, and claimed by the appellants in this case, that the sections of the Revision referred to, do confer upon the non-resident foreigners the same right of property which the resident alien of the United States enjoys. Such is not our opinion. The first and last, being the sixth section of the act, show the scope of the same and furnish a reasonably sure key for the interpretation of the intermediate sections.

" § 2488. (1.) *Be it enacted by the General Assembly of the State of Iowa:* That all aliens residing in the United States who shall have made a declaration of their intentions to become citizens of the United States, by taking the oath required by law, and all aliens resident of this State, shall be capable of acquiring real estate in this State by descent or purchase, and of holding and alienating the same, and shall incur the like duties and liabilities in relation thereto, as if they were citizens of the United States.

" § 2489. (2.) It shall be lawful for every alien who, except for his alienage, would be capable of acquiring real estate by devise or descent from any person hereafter dying, capable at the time of the death of holding real estate in this State, to acquire real estate in this State by devise or descent from any person as aforesaid hereafter dying, and of holding and alienating the same, and shall incur the like duties and liabilities in relation thereto as if they were citizens of the United States.

" § 2490. (3.) It shall be lawful for every alien who, were it not for his alienage, would be capable of acquiring real estate by purchase in this State, to purchase real estate in this State from any person capable, at the time, of holding an absolute title to real estate in this State; *provided,* that such alien shall, in good faith, sell and convey the

same within ten years from the date of his said purchase, or taking effect of this act, to some person capable, at the time, of acquiring and holding an absolute title to real estate under the laws of this State, other than by virtue of this section; *provided further*, that all such aliens who may have, previous to the taking effect of this act, acquired any real estate by gift, devise, descent or purchase, may hold the same according to the provisions of this act."

"§ 2491. (4.) Every married woman whose husband hereafter dies, capable, at the time of the death, of acquiring and holding an absolute title to real estate in this State, though she be an alien, shall be entitled to the same rights of dower, in her husband's lands, as if she were a resident of this State."

"§ 2492. (5.) All aliens who, except for their alienage, would be capable of acquiring personal property as a distributive share of an intestate estate in this State shall be capable of taking the same, and incur the like duties and liabilities in relation thereto as if they were citizens of the United States."

"§ 2493. (6.) If any person, being a citizen of this State at the time of his decease, shall have made a will bequeathing his property to a person, who, at the time of making such bequest, was an alien non-resident, but who, subsequently to the making of such bequest, became a resident, such alien shall be capable in law of becoming a devisee of such property, as well as if he was a resident of this State at the time of making such devise."

These sections, taken as a whole, indicate to our mind that the rights of acquiring and holding land in this State were intended to be limited to aliens resident of the State or of the United States; and not the foreign aliens, except in the single instance of a devise by will of a resident citizen to a foreign alien, who may become a devisee in such case, provided he will subsequently remove to and

become a resident of the State. This exception is provided for in the last section of the act, and indicates, as we think, but too clearly, that the word alien, as used in sections two and three of the act, refers to the resident alien of the United States and not to the foreigner. Now, the ambiguity of these two sections consists in not distinguishing between the foreign and resident alien. But when we read them in the light of the first and last sections of the act, we conclude that the law maker meant to confine the words " *every alien* " to those of the United States, whether citizens or not. For if we say, that the foreign alien was also included, then we make nonsense of the last section, or more properly speaking, perhaps, we declare it superfluous. On the other hand, if we say that it includes only the resident alien of the United States, then every part of the act is in harmony and can be made effectual.

The first section of the act in its provisions is limited to two classes of aliens, residents of this State, whether citizens or not; and secondly, residents of the United States, who shall have made a declaration of their intention to become citizens, &c. These are rendered capable of acquiring lands in this State by purchase or descent. It will be noticed that there is another class of aliens in the United States, namely, those non-resident of this State who have not made a declaration of their intention to become citizens, upon whom no rights of property are conferred by this first section of the act. But sections two and three of the same act do, according to our interpretation, give them certain qualified rights, to wit, that of taking property by devise or descent, and also by purchase, provided, when they purchase they will, in good faith, sell and convey again within ten years from the date of said purchase. We feel authorized and, indeed, bound to hold that these sections do not include the foreign alien, for the reason, that by a subsequent section, namely, sec-

tion six of the same act, some provision is made for him of a still more limited and qualified character, that of taking and holding property under a will made by a citizen of the State, provided such devisee shall subsequently become a resident of the State. Now, if sections two and three opened the door to the foreign alien to inherit property by devise or descent equally with the resident alien of the United States, then section six of the act just alluded to was wholly a useless enactment. It is a rule of construction familiar to the profession, we suppose, that when a doubtful statute is susceptible of two constructions, one of which will give effect to the whole, and the other render inoperative a portion thereof that the former should prevail.

Acting then upon this rule, and believing that our exposition of this statute is most in harmony with the general purpose and intent thereof, we must again hold that non-resident aliens of this country are incapable of inheriting real estate under our laws, and that the ruling of the court upon the demurrer should be sustained.

Affirmed.