N. J. YOUNG, Appellant, v. MADISON COUNTY, IOWA, Appellee.

**Steam engines:** STATUTORY REQUIREMENT TO PLANK BRIDGES: · APPLI-
CATION.   The statute requiring that planks be placed under the wheels of a steam engine, when crossing a bridge in a public highway, has application only to an engine when being propelled by steam, and not when the same is being moved by animal power.

**Same:** CONTRIBUTORY NEGLIGENCE.   The mere fact that a person in charge of a steam engine examines a bridge before undertaking to move the engine over is not such contributory negligence, as a matter of law, as will defeat recovery for damages suffered by the giving away of the bridge under the weight of the machine.

*Appeal from Madison District Court.*— HON. EDMUND NICHOLS, Judge.

WEDNESDAY, FEBRUARY 19, 1908.

DEMURRER to petition sustained, and plaintiff appeals.— *Reversed.*

*J. P. Steele,* for appellant.

*Leo Percival, County Attorney,* for appellee.

WEAVER, J.— The plaintiff alleges that she was the owner of a threshing machine and engine which were being moved by her agents and employés along a public highway in Madison county, upon which highway the county had erected and was maintaining a bridge, and that on reaching the bridge the parties in charge of the outfit examined the structure, and, believing it to be safe, proceeded to move the engine across. To accomplish this they detached the engine from the rest of the outfit and undertook to pull it over the bridge with a team of horses, the traction being applied by means of a cable or rope extending from the engine on one side of the stream to the horses on the opposite side. When the engine was about midway in the passage the bridge broke down, causing the injury complained of. Negligence of the defendant is charged in the original construction of the bridge, as well as in its maintenance. The other allegations of the petition are formal, and need not be more particularly stated. The demurrer to this petition is based on the following grounds: (1) That the petition fails to show any compliance by plaintiff with the statute (Code, section 1571), which requires one who operates a traction engine over or across a bridge on a public highway to strengthen such structure by laying down extra planks; and (2) that plaintiff affirmatively shows contributory negligence on her part.

I. The statute to which reference has been made reads as follows: " Whenever any engine driven in whole or in part by steam power is being propelled upon a public highway, or is upon the same, the whistle thereof shall not be blown, and those having it in charge shall stop one hundred yards distant from any person or persons with horses or

1. STEAM ENGINES: statutory requirement to plank bridges: application.

other stock in or upon the same, and at a greater distance away if they exhibit fear on account thereof until they have passed it, and a competent person shall be kept one hundred yards in advance of such engine and assist in any emergency arising from frightened animals and to prevent accidents. In crossing any bridge or culvert in the public road or plank street crossings in any city or town four sound strong planks not less than twelve feet long each one foot wide and two inches thick shall be used by placing and keeping continuously two of them under the wheels." Code, section 1571. We have then to inquire whether this statute has any application to a case where the engine is being hauled by animal power and is not being propelled in whole or in part by steam or other mechanical power.

It is the contention of the appellee that the words " driven in whole or in part by steam power " are descriptive of the kind of an engine to which the statute applies, and have no reference to the manner in which it is being operated or moved along the highway. After considerable reflection we are unable to agree with this construction of the legislative intent as expressed in the statute. In the first place, the provision is one in derogation of the common right of the public to use the highway as an avenue upon which vehicles for the transportation of passengers, goods, freight, and traffic of all kinds may be freely moved, having due regard for the rights of others, and while this, as other provisions of our statute, should be fairly and liberally construed to promote · and effect the evident purpose for which it was intended, care should be exercised not to unduly extend its effect. If the only purpose of this provision is to protect bridges against undue and excessive weight of the loads which they have to bear, there could be no reason which would require the use of extra planks for the passage of a traction engine which would not apply in moving any other kind of engine or other load of like weight. As is well suggested by counsel, if the engine had been loaded upon a wagon or truck and hauled along the

highway by team, as loads of heavy freight are usually hauled, the statute would quite evidently have no application, although the weight to which the bridge would be thus subjected is as great or greater than would be the case if the engine were hauled upon its own wheels. So, also, if the driver of a truck or dray be engaged in hauling a steam engine which is to be installed in a factory or mill, there is nothing in the statute, we think, which would require him to provide the extra plank for the bridge at the risk of being charged with negligence in case the structure should give way under the strain thus created. There is no apparent reason why the Legislature should seek to discriminate between the use of a bridge in hauling a dead engine along the highway and the use thereof in hauling any other load of like weight. The reading of this entire section seems to make it quite clear that it was intended to guard against dangers peculiarly incident to the movement or propulsion of engines upon the highway by steam power. If it is not being so moved and is being hauled by teams like other dead freight, no one would contend that the person in charge would be required to keep a man on the lookout or to stop and wait at a distance of one hundred yards whenever any other person or persons with horses or other stock are about to be met, unless there be something in the circumstances to indicate to the driver as a reasonable person that prudence required such precaution should be taken.

Counsel for appellee say that it is evident that the hauling of an engine across a bridge in the manner described in the petition is a greater strain upon the structure than it would be called upon to endure had the engine been operated by steam. But this we are not prepared to concede. On the contrary, it would seem that, where the bridge is called upon to endure both the strain occasioned by the weight of the load and the additional strain occasioned by the pull or traction of the steam power upon the wheels, the test thus afforded would be more severe than where the traction is exerted from

a point beyond or outside of the bridge. Whether this theory be sound or not, the Legislature appears to have made the distinction, and we think the court should observe it. The failure to observe the command of this section of the statute is made a misdemeanor, subjecting the party guilty thereof to punishment by fine, and this fact affords another reason for not enlarging the scope of the legislative enactment by implication.

II. We are also of the opinion that the petition does not upon its face disclose such contributory negligence on part of the plaintiff as to defeat her right of recovery if upon

2. SAME: contributory negligence.

trial she is otherwise entitled to a verdict. The fact that the person in charge of the engine examined the bridge and then undertook to use it is by no means conclusive of want of due care on his part. If the bridge was defective and the defect was or should have been apparent to him, as a reasonably prudent person, then, of course, his negligence would be the negligence of plaintiff, and she would not be entitled to recover damages; but that question was one of fact upon which she was entitled to the verdict of the jury.

We conclude that the demurrer to the petition should have been overruled, and for error in sustaining the same the judgment of the district court is *reversed*.