STORY COUNTY, Appellee, v. FRED E. HANSEN, Appellant.

**STATUTES:** Constructions—General Principles. The following general principles of statutory construction are recognized and applied:

    1. Unambiguous statutes will be sustained, though unreasonable.

    2. If a statute is ambiguous, it is to be considered whether a given construction will require the doing of unreasonable things.

    3. Statutes *in pari materia* are to be construed together.

    4. Specific provisions control general ones on the same subject.

**COUNTY ATTORNEY:** Compensation—Fines—Abatement of Liquor Nuisance. The language of Section 2429, Code, 1897, that an attorney shall receive 10 per centum of all fines collected "in all actions in equity against persons charged with keeping a nuisance, *and to abate the same,*" entitles such attorney to 10 per centum of the fine imposed and collected as the result of a conviction *on a strictly criminal prosecution.* (See Sec. 308, Code Supp., 1913; Secs. 2408, 3869, Code, 1897.)

*Appeal from Story District Court.*—R. M. WRIGHT, Judge.

FRIDAY, NOVEMBER 17, 1916.

The dispute is whether the allowance to the county attorney of 10 per cent of the fine collected, which is authorized by Section 2429 of the Code, "in all actions in equity against persons charged with keeping a nuisance, and to abate the same," is also authorized where the abatement of the nuisance follows as an incident to a conviction for maintaining a nuisance. Appellant asserts that the statute is broad enough to fix that percentage, though the abatement be not obtained in an action in equity; while the appellee contends that, except where the abatement is obtained in an action in equity, the percentage allowance is controlled by Code Section 3869, which, instead of 10 per cent, allows that much on all but the first $200 or fraction thereof recovered, and a smaller

percentage on the excess above $200. The trial court held with the appellee.—*Reversed.*

*I. W. Douglass, J. Y. Luke* and *E. H. Addison,* for appellant.

*George Cosson,* Attorney General, and *C. A. Robbins,* Assistant Attorney General, for appellee.

SALINGER, J.—The case may be determined by application of elementary rules of statute construction:

If the statute is unambiguous, it will be sustained, though it be unreasonable. If it be ambiguous, it is to be considered whether a given construction will make the statute do unreasonable things. *Rheim v. Robbins,* 20 Iowa 45.

1. STATUTES: constructions: general principles.

If the proper occasion for construction arises, statutes on the same subject shall be considered with reference to each other. *Rhode v. Bank,* 52 Iowa 375. Specific provisions control general ones on the same subject. *McBride v. Des Moines City R. Co.,* 134 Iowa 398.

Assuming, for present purposes, that there is legitimate room for indulging in construction concerning Section 2429 of the Code of 1897, we find it provides that 10 per cent of the fines collected shall be allowed an attorney in all actions in equity against persons charged with keeping a nuisance. Since costs are a creature of the statute, and do not exist without warrant by statute (*State v. Hess,* 170 Iowa 397), if Section 2429 stopped there, it would authorize no allowance of 10 per cent except in such actions in equity.

2. COUNTY ATTORNEY: compensation: fines: abatement of liquor nuisance.

Section 2406 of the Code of 1897 remains unchanged for the purposes of this case, and provides that, in an action to enjoin nuisances, the attorney shall have a fee of $25, to be taxed as costs. It does not purport to be exclusive, and does not negative the claim of the appellant, if Section 2429 does

not limit the right to collect 10 per cent to actions in equity against those charged with keeping a nuisance.

The provisions of Section 308, Code Supp., 1913, which provide that the county attorney shall, in addition to his salary, be allowed a percentage on fines collected which is or may be less than 10 per cent, are manifestly not intended to cover all fines collected, which is its language; because Section 2429 expressly permits more than 10 per cent to be collected on *some* fines. If the *only* fines that could be collected for violations of the liquor law were fines obtained in actions in equity, this statute could not be operative on any other fine, because no other fine would exist. But that is not so, and a given interpretation of the statute is not prohibited because of it, for the reason that a fine may be collected other than in a suit in equity; for instance, Section 2383, Code of 1897, warrants one, upon a conviction for any violation of the liquor law, and Code Section 2384 imposes a fine upon conviction for keeping a liquor nuisance.

It all comes to this: If Section 2429 is a limitation upon the right to recover 10 per cent, it must be so because it uses the words "in all actions in equity against persons charged with keeping a nuisance." And we would incline to that view, if this were all that was said. But as this section can find something to operate on other than actions in equity, we have to consider whether, because the words "actions in equity" are not the only words used, the statute does so operate. The full language is that 10 per cent shall be allowed "in all actions in equity against persons charged with keeping a nuisance, *and to abate the same.*" It will be conceded that we should give all these words effect, if it can reasonably be done, and that the interpretation of appellee should not prevail if the effect of it be to make some of the words of the statute superfluous, while any other reasonable construction leaves them alive. As seen, the words "and to abate the same," too, have a field of operation outside of Section 2429; for abatements may be had in proceedings other than actions

in equity.   But the question remains whether they should be allowed to operate in that other field.   If that was not the intention, why were the words used?   If there were actions in equity against persons charged with keeping a nuisance in which an abatement might be had, and other such actions in equity in which abatement could not be had, it would be clear that these words were used so that the same percentage might be collected in two different actions in equity.   But there is no such division.   The only statutes which permit the use of an injunction against a liquor nuisance are Sections 2405 and 2406 of the Code of 1897, and the only suit which these permit in cases where a liquor nuisance is maintained is "an action in equity to perpetually enjoin and abate the same."   In other words, every action in equity to enjoin keeping a liquor nuisance is, of necessity, an action to abate the nuisance; and, had it been the legislative intent to limit the recovery of 10 per cent to actions in equity to enjoin such nuisance, adding "and to abate the same," was idle, because such action in equity is, of necessity, an action to abate.   If the view of the trial court is to prevail, we must first hold that the words "and to abate the same," are idle, and have no meaning or effect, although there is room for them to have effect.   We must hold further that, though Section 2408 of the Code of 1897 provides that, "if the existence of the nuisance be established in a civil or criminal action, an order of abatement shall be entered as a part of the judgment in the case," less compensation was intended where the abatement resulted from convincing a jury that such nuisance had been maintained than where the same order of abatement was obtained on trial to the court of the question whether such nuisance had been maintained.   It is impossible to conceive a differentiation based upon the thought that it was worth less to satisfy a jury with this proof than to convince a court of equity, and we hold that "to abate the same" means any action that obtains the abatement.

The cases cited for appellee do not settle this case.   *Lin-*

*gelbach v. Hobson,* 130 Iowa 488, at 493, decides that Section 2429 allows an attorney prosecuting for a contempt a reasonable sum for his services; that the amount to be allowed is not limited by any section of the Code; and that, as Section 2406 definitely fixes such fee at $25, an allowance of that much must be regarded as reasonable. In other words, though more may be reasonable, $25 is not unreasonable.

The most that *Gunn v. Mahaska County,* 155 Iowa 527, at 534, does, is to state what is self-evident, namely, that Section 2429 provides that an attorney prosecuting for a contempt of a liquor injunction is entitled to 10 per centum of the fine paid for collecting the same. It has no occasion, and does not attempt, to determine what percentage shall be allowed where something other than prosecuting for contempt is done, and it leaves that question entirely open.

We are of opinion that all of the statutes herein considered, taken together, do not operate to limit the recovery of 10 per cent upon fines collected, to cases wherein an abatement of a nuisance follows a decree in equity; that Section 2429 was intended to first specify suits in equity wherein that was the result, and then to cover all other proceedings in which the same result was had; and that no other statute limits the recovery to orders of abatement obtained in actions in equity. We think this construction gives effect to all law *in pari materia,* and should be adopted.

This works a reversal, and the judgment below is accordingly—*Reversed.*

EVANS, C. J., LADD and GAYNOR, JJ., concur.