STATE OF IOWA, Appellee, v. W. C. ZELLMER, Appellant.

**FISH AND GAME:** Criminal Prosecution—Possession of Seine. The possession of a seine is not a criminal offense irrespective of the intent and purpose attending such possession.

Headnote 1:  26 C. J. p. 630.

Headnote 1:  11 R. C. L. 1054.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

NOVEMBER 16, 1926.

Defendant was convicted before a justice of the peace of having illegal fishing tackle in his possession. He appealed, and in the district court the verdict and judgment went against him. He appeals to this court.—*Reversed.*

*C. T. Gibson,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

MORLING, J.—We need consider but one question in this case, as the others argued are not likely to arise on a new trial. The question, in brief, is whether the mere possession of a seine is denounced as an offense by Section 1735, Code of 1924, irrespective of the purpose or intent of the accused in having it in his possession. The section provides:

"The possession of a spear, trap, net, or seine, for fishing, shall be unlawful, except where the use of such is permitted by this chapter."

The section is a part of the fish and game laws of the state, all of which, so far as *in pari materia,* should be considered, in arriving at the intent of the legislature in its enactment. The section also is penal, and its provision should be strictly construed. *State v. Olson,* 200 Iowa 660; *Rohlf v. Kasemeier,* 140 Iowa 182; *Young v. Madison County,* 137 Iowa 515. While the ownership of fish generally is in the state (Section 1704, Code of

1924), persons raising or propagating them under the conditions set out in Section 1707 are the owners. Such fish may undoubtedly be taken by the owners with a seine. Sections 1747 *et seq.* permit the use of seines in taking fish from the Mississippi and Missouri Rivers, under certain restrictions. The possession of a seine in accordance with those sections is, therefore, not unlawful. Section 1715 declares seines, etc., a public nuisance "while in use or in possession or kept or maintained for the purpose of catching, taking, killing, trapping, or deceiving any fish, birds, or animals contrary to any of the provisions of this chapter * * *" A seine, therefore, is not a nuisance *per se.* It is such only when in possession or kept or maintained for the purpose of catching fish contrary to law. In other words, the possession is not, of itself, and apart from the purpose of possession, illegal. It would be quite anomalous to exempt the articles from confiscation unless possessed for an illegal purpose, and make the possessor of them subject to a penalty, regardless of his purpose to violate the law. We are of the opinion that, on the principles stated, Section 1735 does not make mere possession of a seine an offense. The words "for fishing," we think, are descriptive, definitive, or segregative, not merely of the articles named, but of the possession, as well.

In this case the defendant claimed that he did not use or intend to use the seine for any illegal purpose. The jury were told that the only question they were called upon to determine was the question of possession; that no question of intent was involved. This was error. If defendant, in possessing the seine, had no purpose or intention of using it for any purpose prohibited by law, he was not guilty of the offense charged.

Section 1794 makes it presumptive evidence of a violation of the game laws for any person "to have in his possession any implements, devices, equipment, or means whatever of taking fish, birds, or animals protected by this chapter at any place where the possession or use thereof is prohibited." The question of the effect of this section and of the burden of allegation and proof is not before us.

The judgment is—*Reversed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.