JOE DRAZICH, Appellant, v. T. P. HOLLOWELL, Appellee.

JANUARY 23, 1929.

*C. T. Gibson,* for appellant.

*G. K. Thompson* and *J. M. C. Hamilton,* for appellee.

MORLING, J.—The plaintiff was indicted for having in his possession and uttering, knowing it to be forged, a check purporting to be drawn on the Farmers Savings Bank, Center Point, Iowa, by the Farmers Co-operative Grain & Live Stock Company, for $28, convicted on or about December 14, 1921, and sentenced for an indeterminate period not exceeding 15 years' imprisonment, which is the penalty prescribed by Code of 1897, Section 4854. It is stipulated that petitioner has served a full

10-year sentence, and, had he been sentenced to 10 years, he would now be entitled to release.

"It is stipulated that the one question involved in the consideration of the petition of the said Joe Drazich is whether or not the court exceeded its authority in imposing a sentence of 15 years, or whether or not the defendant should have been sentenced under Section 13144 of the [1924] Code of Iowa [Section 4858, Code of 1897], which carries a sentence of only 10 years."

That section reads as follows:

"If any person utter, pass, or tender in payment as true any false, altered, forged, or counterfeited note, certificate, state bond, warrant, or other instrument of public security, or any bank bill, promissory note, draft, or other evidence of debt issued or purporting to be issued by any corporation or company, knowing the same to be false, altered, forged, or counterfeited, with the intent to injure or defraud, he shall be imprisoned in the penitentiary not more than ten years, or be fined not exceeding five hundred dollars and imprisoned in the county jail not exceeding one year."

The penalties for forgery and utterance of forged instruments in general are provided for by Section 4853, Code Supplement, 1913, and Section 4854, Code of 1897. The penalty prescribed by Section 4854 for utterance is imprisonment in the penitentiary not more than 15 years. Those sections are very broad in their designation of instruments covered thereby, including "any * * * writing obligatory * * * bill of exchange, promissory note; or any order * * * for money * . * * or any instrument in writing, being, or purporting to be, the act of another, by which any pecuniary demand or obligation, or any right or interest in or to any property whatever, is or purports to be created * * *" Sections 4855 to 4858, inclusive, prescribing the punishment for forging or uttering particular instruments such as public securities, bank bills, etc., must be construed as exceptions from the general terms used in Sections 4853 and 4854. It will be noticed that Section 4858, as it reads, applies to the utterance of "any * * * draft or other evidence of debt issued or purporting to be issued by any corporation or company," without qualifying the words "corporation or

company," whereas the two preceding sections, prescribing the punishment for forging and having in possession such instruments, restrict the words "any corporation or company" to those "duly authorized for that purpose." This restriction was in the original of Section 4858,—namely, Section 2631, Code of 1851,—and in the re-enactment thereof, as found in Section 3922 of the Code of 1873, the restrictive words being, "duly authorized as heretofore mentioned." These restrictive words, however, were omitted from the Code Commissioners' Report known as the Black Code of 1896 (page 883, Section 6), which was enacted by the legislature as Section 4858 of the Code of 1897. It is true that the code commissioners, in reporting the "Black Code," intended, by changes of expression, to improve phraseology, and did not, by merely verbal changes, intend to report or recommend a material change of the existing law. (Code Commissioners' Report 1896, page 1.) It is also true, generally speaking, that the legislature did not, by the adoption of the Code of 1897, and by mere changes of phraseology, intend to effect changes in the pre-existing law. *Minneapolis & St. L. R. Co. v. Cedar Rapids, G. & N. W. R. Co.*, 114 Iowa 502; *Eastwood v. Crane*, 125 Iowa 707; *Martin v. City of Oskaloosa*, 126 Iowa 680; *Saunders v. City of Iowa City*, 134 Iowa 132; *State v. Olson*, 200 Iowa 660, 668. See, also, *State ex rel. Kositzky v. Prater*, 48 N. D. 1240 (189 N. W. 334); Black on Interpretation of Laws (2d Ed.) 594; *Capley v. Hudson* (Tex. Civ. App.), 286 S. W. 531, 534; *Mackintosh, Petitioner*, 246 Mass. 482 (141 N. E. 496); 36 Cyc. 1067, 1088; 25 Ruling Case Law 1050; *People's Ferry Co. v. Casco Bay Lines*, 121 Me. 108 (115 Atl. 815). It is true also that a statute is to be interpreted in its entirety. All acts relating to the same thing or to closely allied subjects should be given consideration. Division into sections is ordinarily for convenience in search and examination, and should not obstruct or obscure interpretation of the law as a whole. 36 Cyc. 1128, 1131, 1146 *et seq.*; *In re Estate of Bull*, 153 Cal. 715 (96 Pac. 366); 36 Cyc. 1134. It is not our purpose to modify or detract from these rules of statutory interpretation, but we have here the fact of the elimination by the legislature from a criminal statute of the qualifying words which have been referred to. Criminal statutes are ordinarily to be strictly construed. *State v. Zellmer*, 202 Iowa 638, and cases cited. Primarily, legislative

intention is to be deduced from the language used, and the language is to be construed according to its plain and ordinary meaning. We have two provisions in the criminal laws, each, if standing alone, prescribing the penalty for the offense in question. One provision is general, and the other particular. We are of the opinion that the maximum penalty which could be imposed for the crime in question was imprisonment not to exceed ten years in the penitentiary, and, having served that term, the defendant is entitled to be discharged.—*Reversed.*

All the justices concur.