MELVIN FITZGERALD, Appellee, v. STATE OF IOWA et al., Appellants.

No. 42830.

548

MAY 7, 1935.

REHEARING DENIED DECEMBER 19, 1935.

E. L. O'Connor, Attorney General, Lehan T. Ryan, Assistant Attorney General, and W. J. Hayek, Special Counsel for appellants.

Messer & Nolan, for appellee.

PARSONS, J.—The State of Iowa, State Board of Education, and State University, began proceedings to condemn for the use of the University a lot in Iowa City belonging to Melvin Fitzgerald, the appellee herein. The condemnation jury awarded Fitzgerald the sum of $5,000, as the value of the property. Appeal was taken to the district court of Johnson county, Iowa. The case was tried to a jury, and the jury allowed Fitzgerald $25,500 as the value of the property.

The state then decided not to take the property of Fitzgerald, and drew down the deposit with the sheriff, and abandoned the proceedings and paid the costs in full, $137, on June 19, 1933. On July 28, 1933, Fitzgerald filed a motion and petition for costs, damages, and attorney's fees in the proceeding. The state appeared and the proper pleadings were filed, and

finally the matter came on for trial, June 11, 1934. Evidence was introduced showing the facts as hereinbefore set forth. On the 3d day of July, 1934, the court filed findings, opinion, and judgment, stating in the opinion "that movant's right to attorney's fees herein may be sustained, if at all, solely upon the provision of Section 7853," and that if the provisions of section 7852 prevailed no attorney fees should be taxed, and finally entered the following judgment:

"Now THEREFORE IT IS HEREBY ORDERED AND IT IS THE JUDGMENT OF THE COURT, that there should be and is hereby taxed in favor of Messer & Nolan, a reasonable attorney's fee in the sum of $2500, and against defendants above named. The Clerk of this Court is ordered and directed to tax the above designated sum of attorney's fees in said original cause in favor of Messer & Nolan and to enter judgment therefor.

"It is further ordered and judgment is hereby entered, that the costs of this hearing be and they are hereby taxed to Defendants."

To all of which all parties excepted.

The State, the Board of Education, and the University properly appealed to this court on the 16th day of July, 1934.

Section 7852, as it appeared in the Codes of 1924 and 1927, was as follows:

"Costs and attorney fees. The applicant shall pay all costs of the assessment made by the commissioners. The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken."

And section 7853, as it appeared in the Code of 1931, and in the two preceding Codes (1924 and 1927), was as follows:

"Refusal to pay final award. Should the applicant decline, on the final determination of the appeal, to take the property and pay the damages awarded, he shall pay, in addition to the costs and damages actually suffered by the landowner, reasonable attorney fees to be taxed by the court."

Section 2011 of the Code of 1897 provided:

"Should the corporation decline to take the property and pay the damages awarded on final determination of the appeal, then it shall pay, in addition to the costs and damages actually suffered by the land owner, reasonable attorney's fees, to be taxed by the court."

In rewriting this the code commission made it read as section 7853 now reads, changing the word "corporation" to "applicant". Section 7852 was amended by chapter 213 of the Acts of the Forty-third General Assembly, which act, so far as it is necessary to consider here, is as follows:

"CHAPTER 213

"ASSESSMENT OF COSTS IN CONDEMNATION PROCEEDINGS

"An Act to amend section seventy-eight hundred forty-one (7841) of the code, 1927, relating to the trial of appeals from the awards of commissioners in condemnation proceedings; and to amend section seventy-eight hundred fifty-two (7852) of the code, 1927, relating to the assessment of costs and attorney fees in condemnation proceedings. * * *

"Sec. 2. Section seven thousand eight hundred fifty-two (7852) of the code, 1927, is amended by adding at the end of said section the following: 'Provided that in all cases in which the state of Iowa is the applicant, no attorney fee shall be taxed.'"

It is contended that the act of the 43d General Assembly necessarily modified not only section 7852 but section 7853. If it did, it is evident that no attorney fees could be taxed in this case, or in any of the condemnation cases against the state of Iowa, or any of its agencies.

So, then, the question in the appeal in this case is: Did the act of the 43d General Assembly modify not only section 7852, but also section 7853?

It will be observed that the amendment by chapter 213 of the 43d General Assembly has added to section 7852 "provided that in all cases in which the state of Iowa is the applicant, no attorney fee shall be taxed." If this means what is said, then no attorney fees can be taxed in this case, or in any of the condemnation cases against the state of Iowa, or any of its agencies. In the title "ASSESSMENT OF COSTS IN CONDEMNATION PROCEEDINGS", it is recited also "relating to the assessment of costs and

attorney fees in condemnation proceedings." It says not only "assessment of costs", in condemnation proceedings, but "relating to the assessment of costs and attorney fees" in such proceedings. In other words, the title gives notice it is dealing with "assessment of costs and attorney fees in condemnation proceedings"; the body of the act saying "that in all cases in which the state of Iowa is the applicant, no attorney fee shall be taxed."

"All" is a fairly comprehensive word. It leaves nothing outside of it. This phrase applies by its terms, not only to cases tried, but to cases of abandonment as well, and looking solely at the terms of the amendment no reasonable construction could exclude any case in which the state of Iowa was the applicant in condemnation proceedings.

This brings us necessarily to the proper construction of the act, chapter 213 of the 43d General Assembly.

■■■ Hamilton v. Rathbone, 175 U. S. 414, 20 S. Ct. 155, 157, 44 L. Ed. 219, on page 221 of the Law edition, has this to say as to the construction of statutes:

"The general rule is perfectly well settled that, where a statute is of doubtful meaning and susceptible upon its face of two constructions, the court may look into prior and contemporaneous acts, the reasons which induced the act in question, the mischiefs intended to be remedied, the extraneous circumstances, and the purposes intended to be accomplished by it, to determine its proper construction. But where the act is clear upon its face, and when standing alone it is fairly susceptible of but one construction, that construction must be given to it."

Again it says, on the same page, quoting from a previous opinion (U. S. v. Bowen, 100 U. S. 508, 25 L. Ed. 631):

"When the meaning is plain, the courts cannot look to the statutes which have been revised to see if Congress erred in that revision, but may do so when necessary to construe doubtful language used in expressing the meaning of Congress" Again. on the next page of the report, it says: "Indeed, the cases are so numerous in this court to the effect that the province of construction lies wholly within the domain of ambiguity, that an extended review of them is quite unnecessary. The whole doctrine applicable to the subject may be summed up in a single

observation that prior acts may be resorted to, to *solve,* but not to *create,* an ambiguity.''

It is only by calling in the aid of a prior act that it becomes possible to throw a doubt upon its proper interpretation. The language used in the amendment chapter 213 is plain, and the title shows that the legislature was considering the subject of assessment of costs and attorney's fees in condemnation proceedings. The only possible doubt as to whether this covers all condemnation proceedings in which the state is a party is caused by this act being an amendment to section 7852. We think the meaning is not doubtful; there is no ambiguity in the act, and hence no necessity for construction beyond the plain language of the statute, ''That in all cases in which the state of Iowa is the applicant, no attorney fee shall be taxed.''

So, if chapter 213 of the 43d General Assembly is to be regarded, wherein it says ''provided that in all cases in which the state of Iowa is the applicant, no attorney fee shall be taxed'', and if it means what it says, then, while not repealing in its entirety section 7853, it modifies to that extent.

Even then, if this act, attached as it was by amendment to section 7852, created an ambiguity as to just what it meant, that ambiguity is solved under the doctrine of *in pari materia.* But even such resort is not necessary for the act by its title was dealing with ''costs and attorney fees in condemnation proceedings.''

A New York case, People v. Utica Ins. Co., 15 Johns. page 357, star page 358, 8 Am. Dec. 243, decided in 1818, on this subject, had this to say:

''That in construing a statute, the intention of the legislature is a fit and proper subject of inquiry, is too well settled to admit of dispute. That intention, however, is to be collected from the act itself, and other acts, *in pari materia.* * * * Such construction ought to be put upon a statute as may best answer the intention which the makers had in view. And this intention is sometimes to be collected from the cause or necessity of making the statute, and sometimes from other circumstances, and whenever such intention can be discovered, it ought to be followed with reason and discretion, in the construction of the statute, although such construction seem contrary to the letter of the statute. Where any words are obscure or doubtful, the

intention of the legislature is to be resorted to, in order to find the meaning of the words. A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute, is not within the statute unless it be within the intention of the makers. And such construction ought to be put upon it as does not suffer it to be eluded.''

Hayes v. Hanson, 12 N. H. 284, says on page 290:

''It is a well settled rule, that in endeavoring to ascertain the meaning of a particular statute, or of a clause in a statute, all the laws on the same subject are to be construed together, and that the general legislation on the matter may be considered by the court. * * * All acts *in pari materia* are to be taken together, as if they were one law, and they are to be compared in the construction of statutes, because they are construed as framed upon one system, and having one object in view.''

Sutherland, Statutory Construction, Volume 2 (1903 Ed.) at page 698, speaking of acts *in pari materia,* says:

''All consistent statutes which can stand together, though enacted at different dates, relating to the same subject, and hence briefly called statutes *in pari materia,* are treated prospectively and construed together as though they constituted one act. This is true whether the acts relating to the same subject were passed at different dates, separated by long or short intervals, at the same session or on the same day. They are all to be compared, harmonized if possible, and, if not susceptible of a construction which will make all of their provisions harmonize, they are made to operate together so far as possible consistently with the evident intent of the latest enactment.''

Quoting further from the above authority, on page 845, it says:

''Statutes which are not inconsistent with one another, and which relate to the same subject-matter, are *in pari materia,* and should be construed together; and effect should be given to them all, altho they contain no reference to one another, and were passed at different times.'' On page 528 of this work it is further said: ''Where enactments separately made are read *in pari materia* they are treated as having formed in the minds of the

554

enacting body parts of a connected whole, though considered by such body at different dates, and under distinct and varied aspects of the common subject. Such a principle is in harmony with the actual practice of legislative bodies, and is essential to give unity to the laws, and connect them in a symmetrical system. Such statutes are taken together and construed as one system, and the object is to carry into effect the intention. It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions.''

This is the rule laid down in 59 C. J. section 1819, p. 1041 et seq., and other works dealing with the subject.

Without unduly extending the length of the opinion, as to the general rule of courts, we refer to the cases cited under the subject *in pari materia* in the original volume of ''Words and Phrases'', and in the subsequent volumes keeping it up to date, as all laying down the rule we are here stating.

The law changed with the enactment of chapter 213 of the 43d General Assembly, in which it was provided that no attorney's fees should be taxed to the state, as hereinbefore set out. And as was pointed out in the case of People v. Utica Insurance Company, in 15 Johns. (N. Y.) page 357, 8 Am. Dec. 243, in construing statutes, ''such construction ought to be put upon it as does not suffer it to be eluded.'' If the state is to be mulcted for attorney's fees in this case, it is eluding the plain intent of the amendment to section 7852, for the statute now forbids the charging of attorney's fees to the state. Now to say that the court can turn around, since that trial, when it was not liable for attorney's fees, and now say it is liable for attorney's fees, notwithstanding that the statute forbids the taxing of such fees to the state, is to elude the statute.

59 Corpus Juris, p. 1041, says:

''Where two statutes are in apparent conflict, they should be so construed, if reasonably possible, as to allow both to stand and give force and effect to each, and if it is not possible to reconcile them, the dates of their enactment will be examined in determining the legislative intent, and effect given to the later one.''

Iowa cases bearing upon this will be found in Drazich v.

Hollowell, 207 Iowa 427, 223 N. W. 253; Kupper v. Schlegel, 207 Iowa 1248, 224 N. W. 813; Iowa Service Co. v. Villisca, 203 Iowa 610, 213 N. W. 401; Berridge v. Pray, 202 Iowa 663, 210 N. W. 916; McBride v. Des Moines City Ry. Co., 134 Iowa 398, 109 N. W. 618; Conly v. Dilley, 153 Iowa 677, 133 N. W. 730; Rhode v. Bank, 52 Iowa 375, 3 N. W. 407; Rheim v. Robbins, 20 Iowa 45.

While touching upon these questions, the effect of these decisions is that they are with the authorities heretofore cited, and no proposition is laid down contrary thereto. And in Story County v. Hansen, 178 Iowa 452, 159 N. W. 1000, the court says:

"If a statute is unambiguous, it will be sustained, though it be unreasonable. If it be ambiguous, it is to be considered whether a given construction will make the statute do unreasonable things." And further says: "If the proper occasion for construction arises, statutes on the same subject shall be considered with reference to each other."

So, on the whole case, we conclude that from the plain language of the act of the 43d General Assembly, also from the fact that in the title it was dealing with the subject of assessment of costs and attorney's fees in condemnation proceedings, without any limit, from the fact that this statute as it stands is a part of the code devoted to the one subject, the rule *in pari materia* is to be applied, that is to say, forming a part of the entire Code on the subject of condemnation proceedings wherein the state is interested as the applicant or condemnor, the sections must all be construed together and all be given effect, and therefore the court below erred in taxing attorney's fees in this case.

For these reasons the case is reversed and remanded, with instructions to the district court to overrule the motion to tax attorney's fees, and that the costs in the court below be paid by the movant, and each party in this court to pay the costs made by it.

ANDERSON, C. J., and ALBERT, RICHARDS, KINTZINGER, POWERS, and HAMILTON, JJ., concur.