**NORTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

**v.**

**HAWKEYE STATE TELEPHONE COMPANY and Iowa Telephone Company, Appellees,**

**Iowa State Commerce Commission, Intervenor-Appellee.**

**No. 53309.**

Supreme Court of Iowa.

March 11, 1969.

Wm. F. McFarlin and H. Wayne Wells, Des Moines, and James A. Lucas, of Bedford, for appellant.

Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, and Reynoldson and Reynoldson, of Osceola, for appellees.

Leo J. Steffen, Jr., Commerce Counsel, and Thomas N. Bolton, Assistant Commerce Counsel, for intervenor-appellee.

MOORE, Justice.

Plaintiff, Northwestern Bell Telephone Company, on February 14, 1968 filed a petition in equity seeking a declaratory judgment that it was entitled, pursuant to section 488.11, Code, 1966, to designate the point of connection of its long distance telephone lines with the lines of defendant, Hawkeye State Telephone Company. Plaintiff also sought an injunction prohibiting defendant from connecting its line at a point not agreed to by plaintiff. On February 16 the trial court granted such a temporary injunction which later, by stipulation of the parties, was dissolved.

On February 19 defendant filed a motion to dismiss plaintiff's petition in which the intervenor, Iowa State Commerce Commission, joined on February 29.

On March 11 the joint motion to dismiss plaintiff's petition was sustained on the grounds "Iowa Commerce Commission has exclusive, initial and original jurisdiction of this controversy under the provisions of Section 490A.11, Code of Iowa, 1966, and this court is without jurisdiction." Plaintiff did not plead further and has appealed. We affirm.

Briefly, the facts as pleaded by plaintiff are that it has for at least forty years furnished long distance telephone service to the local telephone exchange at the town of Redding under an agreement with Farmers and Merchants Mutual Telephone Company. Hawkeye State Telephone has succeeded to the contractual rights of said company and is constructing new telephone facilities in Redding. Iowa Telephone Company owns and operates the local exchange at the town of Mount Ayr and plaintiff also provides long distance facilities for that exchange. Hawkeye and Iowa Telephone are subsidiaries of Continental Telephone Corporation, share common board members, and for purposes of this appeal will be considered as a single party defendant.

Plaintiff alleged it offered to connect its long distance lines with the local facilities at the new Redding exchange office, but Hawkeye refused to connect at that point. Plaintiff thereafter offered to connect at a reasonably accessible point in Redding. Hawkeye, however, made preparations to connect the Redding facilities to toll facilities of plaintiff at the Mount Ayr switchboard by construction of Hawkeye's own lines which plaintiff alleged would constitute duplication and render useless its own long distance lines between the two towns.

The sole issue presented on this appeal is whether the trial court had jurisdiction of the subject matter pursuant to Code section 488.11 and should have granted plaintiff the relief sought in its petition.

Plaintiff's basic contention is the trial court had jurisdiction to resolve the conflict under a proper application of section 488.11 and the court erroneously dismissed the petition in deference to the supposed initial exclusive jurisdiction of the Iowa State Commerce Commission.

More specifically plaintiff argues (1) the trial court must have found section 488.11 repealed by section 490A.11, and as repeal by implication is disfavored, this was error, (2) the two sections are reconcilable, applicable to different fact situations, and therefore the court had jurisdiction to resolve the dispute under section 488.11, and (3) a question of law alone was presented and therefore properly before the court.

I. Section 488.11 provides: "Long distance companies shall furnish equal facilities to any local exchange within the state desiring same, and to that end shall immediately make, or at the option of the long distance company, shall immediately permit to be made under its direction and at reasonably accessible places to be designated by such long distance company, the necessary connections between said local exchange and said long distance company telephone system to effect the furnishing of equal facilities to such local exchange."

Section 490A.11 provides: "Whenever toll connection between the lines or facili-

ties of two or more telephone companies has been made, or is demanded under the statutes of this state and the companies concerned cannot agree as to the terms and procedures under which toll communications shall be interchanged, the commission upon complaint in writing, after hearing had upon reasonable notice, shall determine such terms and procedures."

Section 490A.1 provides in part: "The Iowa state commerce commission shall regulate the rates and service of public utilities to the extent and in the manner hereinafter provided * * *."

Section 490A.2 provides in part: "The commission shall have broad general powers to effect the purposes of this chapter notwithstanding the fact certain specific powers are hereinafter set forth * * *."

Neither party denies it is a public utility within the definition which is contained in section 490A.11.

Chapter 488 has been effective statutory law for many years. Chapter 490A, however, was enacted by the 60th General Assembly and became effective July 4, 1963.

Plaintiff first argues the trial court considered section 488.11 as repealed by sustaining the motion to dismiss and holding section 490A.11 confers primary, exclusive jurisdiction on the commerce commission to resolve disputes concerning the point of connection of long distance telephone lines with a local exchange. Plaintiff contends if we are to affirm the trial court we must so hold. We do not agree.

■ We have repeatedly held repeal by implication is not favored and will not be upheld unless the intent to repeal clearly and unmistakably appears from the language of the later statute and such holding is absolutely necessary. Diver v. Keokuk Savings Bank, 126 Iowa 691, 696, 102 N.W. 542, 544; Iowa P. and L. Co. v. Iowa State Hgwy Comm., 254 Iowa 534, 537, 117 N.W.

2d 425, 427; Wendelin v. Russell, 259 Iowa 1152, 1161, 147 N.W.2d 188, 194.

■ We have also consistently held that statutes relating to the same subject matter or to closely allied subjects must be construed, considered and examined in the light of their common purposes and intent. Such statutes are said to be "in pari materia".

As to the rule of pari materia, see Story County v. Hansen, 178 Iowa 452, 453, 159 N.W. 1000 ("If the proper occasion for construction arises, statutes on the same subject shall be considered with reference to each other"); State v. Zellmer, 202 Iowa 638, 210 N.W. 774, 775 ("The section is a part of the fish and game laws of the state, all of which, as far as in pari materia, should be considered, in arriving at the intent of the legislature in its enactment"); Drazich v. Hollowell, 207 Iowa 427, 429, 223 N.W. 253, 254 ("All acts relating to the same thing or to closely allied subjects should be given consideration"); France v. Benter, 256 Iowa 534, 541, 128 N.W.2d 268, 272, 22 A.L.R.3d 313 (" * * * when statutes relate to the same subject matter, when they are in pari materia, they must be construed together."). See also Fitzgerald v. State, 220 Iowa 547, 555, 260 N.W. 681, 684; Lewis Consolidated Sch. Dist. of Cass County v. Johnston, 256 Iowa 236, 244, 127 N.W.2d 118, 124; 1 Am.Jur. 2d, Administrative Law, section 40.

82 C.J.S. Statutes § 366, pages 810–812, says: "The court must harmonize statutes relating to the same subject, if possible, and give effect to each, that is, all applicable laws on the same subject matter should be construed together so as to produce a harmonious system or body of legislation, if possible. The statute should be so construed as to give meaning to all of them, if this can be done, and each statute should be afforded a field of operation. So, where the enactment of a series of statutes results in confusion and consequences which the legislature may not have contemplated, the

courts must construe the statutes to reflect the obvious intent of the legislature and permit the practical application of the statutes. It has also been held that whatever has been determined in the interpretation of one of several statutes in pari materia is a sound rule of interpretation for the others." For like statements see 50 Am. Jur., Statutes, section 348.

■ Reading of chapters 488 and 490A leaves no doubt they are closely related and pertain to common subject matters. Following the established method of considering and construing statutes in pari materia the trial court was correct in considering sections 488.11 and 490A.11 in light of each other since they are obviously in pari materia. The court's holding the commission has exclusive jurisdiction was not tantamount to a repeal of section 488.11. Rather, it was a conclusion reached subsequent to a correct application of the rules of statutory construction in an attempt to harmonize two statutory sections, bearing on the same subject matter, into a properly functioning whole.

■■ II. Our reading of section 488.-11 makes abundantly clear its purpose is to insure that any local telephone exchange within the state, such as Hawkeye, which desires connection with the lines of a long distance telephone company shall have such facilities furnished it on an equal basis in order to avoid discrimination among various exchanges. We do not agree with plaintiff's contention section 488.11 gives the long distance company the unrestricted right to establish and make the point of connection and only thereafter may the question of proper facilities be considered. Establishing and making a proper point of connection is an important part of furnishing facilities to the local company.

■ The more recently enacted chapter 490A invests the commerce commission with broad, general, comprehensive powers to regulate the rates and services of public

utilities operating within this state. Plaintiff does not deny that determination of the point at which local exchange lines shall connect with its long distance lines is a "service" within the contemplated scope of chapter 490A. Plaintiff, however, strenuously argues section 488.11 is exclusive, has not been pre-empted by chapter 490A, and as a long distance company it is the final arbiter of where the point of connection is to be made. In view of the broad comprehensiveness of chapter 490A we cannot agree with this contention or plaintiff's argument "terms and procedures" as used in section 490A.11 must be limited to financial matters involved once a connection is made.

III. Having found the location of the proper point of connection is a "service" such as to bring the controversy within the jurisdiction of the commerce commission under chapter 490A, we must now determine whether such jurisdiction is exclusive in the first instance or concurrent with the courts.

Elk Run Telephone Co. v. General Telephone Co., Iowa, 160 N.W.2d 311, involved an appeal from the trial court's order overruling defendant's motion to dismiss. We reversed and held chapter 490A authorizing the commission to regulate rates and services of public utilities gives the commission authority to compel extension of services to new customers and that since plaintiff had not exhausted its administrative remedy before the commission the trial court had no jurisdiction to consider the controversy.

At page 315, 160 N.W.2d we say: "Virtually all authorities hold when authority is delegated to an administrative officer or body, such delegation within its terms and limitations is primary and exclusive unless a contrary intent is clearly manifested by the legislature. A careful reading of chapter 490A fails to disclose any such contrary intent. Rather the provisions for appeal, first to the district court and then to this court, make it apparent the legislature intended the administrative remedy before

the Commerce Commission should be first exhausted before resort could be had to the courts. Until the Commission has made its finding and has entered its order so that an appeal may be taken to the district court as provided in section 490A.13, Code, the jurisdiction of the Commission is exclusive. In the case now before us this administrative remedy had not been exhausted and the district court was without jurisdiction to consider the controversy."

■ The above quoted language articulates in general terms what has come to be known in the area of administrative law as the doctrine of primary jurisdiction. Under this doctrine courts will not determine a controversy involving a question which is within the jurisdiction of an administrative tribunal or agency prior to the solution of that question by the administrative tribunal (1) where the question demands the exercise of administrative discretion requiring the special knowledge, experience and services of the administrative tribunal, (2) to determine technical and intricate matters of fact, and (3) where a uniformity of ruling is essential to comply with the purposes of the regulatory statute administered. 2 Am. Jur.2d, Administrative Law, section 788; 73 C.J.S. Public Administrative Bodies and Procedure § 40.

The Supreme Court recognized and applied these principles in United States v. Western P. R. Co., 352 U.S. 59, 77, 77 S.Ct. 161, 1 L.Ed.2d 126, 132. See also Federal Maritime Bd. v. Isbrandtsen Co., 356 U.S. 481, 78 S.Ct. 851, 2 L.Ed.2d 926; Hewitt-Robins v. Eastern Freight-Ways, 371 U.S. 84, 83 S.Ct. 157, 9 L.Ed.2d 142.

The author in Davis, Administrative Law Treatise, Vol. 3, section 19.01, page 3, says: "The precise function of the doctrine of primary jurisdiction is to guide a court in determining whether the court should refrain from exercising its jurisdiction until after an administrative agency has determined some questions or some aspect of some question arising in the proceeding before the court.

"The doctrine of primary jurisdiction does not necessarily allocate power between courts and agencies, for it governs only the question whether court or agency will *initially* decide a particular issue, not the question whether court or agency will *finally* decide the issue. Even if the agency is held to have primary jurisdiction with respect to an issue, a court may still set aside or modify what the agency has done, in accordance with the law governing the scope of review."

Plaintiff concedes the applicability of the doctrine of primary jurisdiction in the proper situation, but maintains the controversy arising under section 488.11 does not necessitate a preliminary determination by the commerce commission. Plaintiff asserts the designation of the proper point of connection does not present a technical question of sufficient scope to merit a preliminary ruling by the commission. In other words plaintiff argues a court is just as well equipped as the commission to determine where such a line connection shall be made.

■ Plaintiff's argument overlooks one of the most important purposes of the primary jurisdiction doctrine which is to achieve a meaningful and helpful uniformity of rulings by the administrative body acting within the scope of its powers as granted by the statute. Section 490A.1 provides in part that "the Iowa State Commerce Commission shall regulate the rates and services of public utilities to the extent and in the manner hereinafter provided."

■ Connection of local exchanges with the lines of a long distance company is a "service" within the purview of chapter 490A as that term is used in the statute. Under the facts presented here and in accordance with the more enlightened view relative to the primary jurisdiction of administrative bodies we hold this contro-

versy should have been initially submitted to the Iowa state commerce commission.

 In reaching this conclusion we do not intend to intimate what the commission's ruling should be if either party desires to submit the controversy to that body. We only hold the problems involving proper allocation and regulation of services among public utilities under the authority of chapter 490A should first have determination by the commission before court action.

Under sections 490A.12, 490A.13 and 490A.19 respectively, provision is made for an aggrieved party to obtain a rehearing before the commission, for an appeal to the district court having jurisdiction of the matter and finally for an appeal to this court.

IV. Plaintiff urges the interpretation of section 488.11 involves only questions of law and therefore the trial court had jurisdiction to resolve the controversy. What we have said in Division II, supra, is sufficient to demonstrate plaintiff's argument is without merit. Determination of the point of connection "at reasonably accessible places * * * to effect the furnishing of equal facilities to such local exchange" as provided in section 488.11 involves mixed questions of law and fact, not a pure question of law alone.

V. Finally, plaintiff argues that to permit defendant to unilaterally change the point of connection and duplicate its existing lines would result in deprivation of its rights contrary to concepts of due process of law. In view of our holding that this controversy was for the commerce commission in the first instance, the issue of constitutional deprivation is not now properly before us.

The ruling and order of the trial court must be and it is

Affirmed.

All Justices concur.