**Colleen MOLSKOW, Appellant,**

v.

**WOODBURY COUNTY, Iowa, Appellee.**

**Nos. 60687, 60688.**

Supreme Court of Iowa.

May 17, 1978.

Yaneff & Cosgrove, Sioux City, for appellant.

Zigmund Chwirka, Woodbury County Atty., for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP, and REYNOLDSON, JJ.

UHLENHOPP, Justice.

This appeal involves a determination of the amount of the salary to be paid a former municipal court clerk who became a deputy district court clerk under the 1972 unified trial court act, chapter 1124, Acts of the 64th General Assembly. Section 43 of that act dealt with this subject, but the legislature supplanted that section in 1973 with § 37 of chapter 282 of the Acts of the

65th General Assembly (now § 602.34 of the Code except for parts which the code editor regarded as of a temporary nature). The amount of the salary of the district court clerk is not questioned by the parties; it has been increased since 1973.

The general statute governing salaries of deputy district court clerks is § 340.4 of the Code, which provides in material part:

The first and second deputies and the deputy in charge of the motor vehicle registration and title department, may be paid an amount not to exceed eighty percent of the amount of the annual salary of his or her principal. In counties where more than two deputies are required, deputies in excess of two may be paid an amount not to exceed seventy-five percent of the annual salary of his or her principal. Upon certification to the board of supervisors by the elected official concerned, the amount of the annual salary for each deputy as above provided, the board of supervisors shall certify to the county auditor of any such county the annual salary certified by the elected officials, but in no event shall said board of supervisors be required to certify to the auditor of any such county an amount in excess of the amounts authorized above.

Section 37 of chapter 282 of the 1973 acts, previously cited, provides in relevant part:

Clerks and bailiffs of municipal courts who are in office on June 30, 1973, . . . shall on July 1, 1973, become deputies of the district court clerks and sheriffs respectively, in the counties of their residence. . . . The compensation and other benefits received on January 1, 1972, by the individuals who become deputies shall not be reduced after June 30, 1973, from the amount on that date, unless all the deputies of the office are similarly reduced, but shall be paid by the counties of their residence; provided, that if the salary of any deputy equals or exceeds the salary of the district court clerk or sheriff of whom he is deputy, then the salary of the particular district court clerk or sheriff shall be increased so as to exceed the salary of the deputy by the sum of two hundred dollars per year.

Nothing in this section shall be construed to prohibit any increase in compensation and other benefits received by the individuals who so become deputies over the amounts received by them on January 1, 1972. . . .

Plaintiff Colleen Molskow was a municipal court clerk on January 1, 1972, and her salary was $937 per month. On July 1, 1973, she became a deputy district court clerk. At various times thereafter the amount of her salary was increased until February 1976, when it was $1079.16 per month. It was then reduced to $986 per month.

Plaintiff claimed that her salary reduction violated § 37 which we have quoted. Being unsuccessful in her claim, she brought two actions in which she sought to have the reduction nullified. The district court consolidated the actions, tried them, and held that the reduction was proper. Plaintiff appealed from the judgments in the cases, and we consolidated the appeals here. In this court plaintiff makes the same claim on the merits as before the trial court.

Plaintiff appears to misapprehend the import of the two sections involved, § 340.4 of the Code and § 37 of the 1973 acts. At the time the legislature established the unified trial court and abolished the municipal courts, a number of individuals were employed as municipal court clerks. The legislature decided to blanket them into the unified trial court as deputy clerks of that court (called the district court). This would mean that their salaries would be set by their respective principals in amounts not exceeding 80% of the principals' salaries. § 340.4. The legislature had the problem however that the salaries of some municipal court clerks as such exceeded 80% of the salaries of their respective district court clerks.

To meet this problem in the transition to the unified court, the legislature did not reduce the municipal court clerks' salaries, nor did the legislature amend or repeal the general statute on the salaries of deputies

of district court clerks, § 340.4. Instead, the legislature let that statute stand as the general governing statute, but provided that the salaries of municipal court clerks as the new deputies should not be reduced and that where those salaries equaled or exceeded the district court clerks' own salaries the latter would be increased so as to exceed the new deputies' salaries by $200 per year. The only exception was where all deputies' salaries in the office were similarly reduced, but that did not occur here.

We read together two statutes which deal with a given subject so as to give effect to both of them as far as reasonably possible, *McMurry v. Board of Supervisors of Lee County*, 261 N.W.2d 688 (Iowa); and we do not favor repeals by implication. *Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co.*, 165 N.W.2d 771 (Iowa).

Reading the present statutes together, we hold as follows. The amount of the salary of a former municipal court clerk who is blanketed in as a deputy district court clerk is ordinarily determined in the same way as the salaries of first or second district court clerk deputies: it is set by the district court clerk in an amount not exceeding 80% of the clerk's own salary. This rule is subject to the limitation on the low side, however, that such deputy's salary and benefits must be at least as much as they were at the time the deputy was a municipal court clerk on January 1, 1972, unless the salaries and benefits of all deputies of the office are similarly reduced.

Plaintiff's complaint here relates to reduction of her salary. It was never reduced, however, below its amount on January 1, 1972. We thus agree with the trial court that the applicable statutes were not violated and that the salary changes were valid.

Plaintiff argues that the decision here turns on an order of the State Auditor, but the legality of the amount of the salary is of course governed by the applicable statutes. Notwithstanding any such order, the Woodbury district court clerk can henceforth set Molskow's salary at any amount between 80% of the clerk's own salary, on the high side, and $937 per month, on the low side (except that the amount may be lower if the salaries and benefits of all deputies in the office are similarly reduced).

AFFIRMED.